IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,

                    Plaintiff,

   vs.                                                                      CIVIL NO. 10-171 WJ/LFG

DUGGERS TOW YARD et al.,

                    Defendants.

## ORDER GRANTING DA DEFENDANTS' MOTION TO STAY DISCOVERY AND ABATE INITIAL SCHEDULING ORDER DEADLINES

THIS MATTER is before the Court on DA Defendants' Motion to Stay Discovery and to Abate the Initial Scheduling Order Deadlines Pending a Decision on Their Motion to Dismiss and For Expedited Relief [Doc. 47].

The Court determines that a response is not necessary. This is so because the law in this area is clear and leaves no room for doubt. Moreover, the requested relief will be deemed moot unless the Court acts prior to the expiration of a regular briefing schedule. The Court will grant the motion for the reasons described below.

### Background

Andrew J. Miller ("Miller") brings claims against the Office of the District Attorney for the Second Judicial District, District Attorney Kari Brandenberg,[1] Deputy District Attorney Robin S. Hammer, and Deputy District Attorney Mark L. Drebing, alleging that their actions in securing criminal indictments against him and "the mother of Plaintiff's child" violated his constitutional and statutory rights. [Doc. 1, Complaint, p. 4].

---

[1]Defendant District Attorney Kari Brandenberg was dismissed from this lawsuit on June 9, 2010 [Doc. 44].

DA Defendants filed a Motion to Dismiss [Doc. 25] asserting an entitlement to absolute judicial immunity. In addition, to the extent Miller is seeking tort claim damages, Defendants moved to dismiss on the basis of Miller's failure to comply with mandatory notice provisions under the State Tort Claims Act. The Motion to Dismiss is fully briefed and awaiting Court determination. In the interim, Defendants seek to stay the deadlines in the Court's Initial Scheduling Order and to bar all discovery pending the trial Court's consideration and disposition of the motion to dismiss.

## Analysis

Tenth Circuit law makes clear that Defendants who justifiably raise qualified immunity as a defense are entitled to a stay of discovery. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). In this case, however, Defendants seek a stay of all initial case management deadlines and all discovery pending consideration of their absolute immunity defense. This stay would affect those Defendants who are not entitled to either qualified or absolute immunity.

In the Supreme Court's recent case, Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009), Justice Kennedy, writing for the majority, addressed this very issue. First, he noted the rationale for staying discovery in the face of the qualified immunity defense.

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." Siegert v. Gilley, 500 U.S. 226, 236 (1991)(Kennedy J. concurring in judgment). There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and reasonable policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of government.

Iqbal, 129 S. Ct. at 1953.

2

Regarding the issue of whether discovery should proceed as to the remaining Defendants who are not entitled to qualified immunity, Justice Kennedy wrote:

> It is no answer to these concerns to say that discovery for petitioners [individuals entitled to qualified immunity defense] can be deferred while pretrial proceedings continue for other defendants [those not entitled to assert qualified immunity].  It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position.  Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Iqbal, 129 S. Ct. at 1953.

Stays of discovery are uniformly granted pending resolution of issues relating to immunity. *See, e.g.*, Zamora v. City of Belen et al., 229 F.R.D. 225, 228 (D.N.M. 2005)(stay of discovery granted pending determination on motion to dismiss based on absolute and qualified immunity); Caputo v. Rio Rancho Police Dept., 2006 WL 4063018, *3 (D.N.M. June 30, 2006)(granting stay of discovery pending motion to dismiss on grounds of absolute and qualified immunity) (unpublished); Mercer-Smith v. State of New Mexico et al., No. CIV 09-340 JC/RLP [Doc. 94](D.N.M. Nov. 12, 2009)("It is well settled that defendants asserting qualified immunity are entitled to a stay of discovery until that issue is decided . . . .  The same rule applies to claims of absolute quasi-judicial immunity.")(unpublished); Najar v. Williams, No. CIV 09-148 JP/ACT [Doc. 36](D.N.M. Nov. 6, 2009)(staying discovery pending resolution of motion to dismiss based on grounds of sovereign and qualified immunity)(unpublished).

The Court determines that Defendants' motion is well-taken and should be granted.

IT IS THEREFORE ORDERED that all deadlines in the Court's Initial Scheduling Order are abated; and all discovery is stayed pending the Court's consideration and disposition of Defendants' Motion to Dismiss.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge