**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANDREW J. MILLER,

       Plaintiff,

vs.                                                                                     No.  CIV-10-00171WPJ/LFG

DUGGERS TOW YARD, TOWN AND COUNTRY
TOW YARD, ACME TOW YARD, MUNOZ TOW
YARD, CITY OF ALBUQUERQUE POLICE
DEPARTMENT, SGT. KEVIN ROW, DETECTIVE
CARLA PEREZ #3096, DETECTIVE MARIGRACE
BARRERAS #2924, DETECTIVE CHADWICK J.
MELVIN #3091, OFFICE OF THE DISTRICT
ATTORNEY FOR THE SECOND JUDICIAL
DISTRICT, DISTRICT ATTORNEY KARI
BRANDENBERG, DEPUTY DISTRICT ROBIN S.
HAMMER, DEPUTY DISTRICT ATTORNEY
MARK L. DREBING

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on pro se Plaintiff Andrew J. Miller's *Opposition to Notice of Removal* (Doc. 7), filed March 17, 2010; *Defendant Acme Towing & Recovery, Inc's*[1] *Motion for Extension to File Answer or Other Responsive Pleading* (Doc. 18), filed April 1, 2010; and Plaintiff's *Motion to Modify Opposition to Notice of Removal* (Doc. 38), filed April 28, 2010. The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities.

---

[1] In its Motion for Extension to File, Acme Towing & Recovery, Inc. notes that it was improperly identified in the Complaint as both "Acme Two Yard" and "Acme Tow Yard." *See* Doc. 18 at 1. For purposes of this Memorandum Opinion and Order, including the disposition provisions, the Defendant titled as Acme Tow Yard will be referred to using its correct name, Acme Towing & Recovery, Inc.

The Court concludes that Defendant Acme Towing & Recovery, Inc.'s motion for extension to file will be granted. The Plaintiff's motion to modify opposition will be granted, as will Plaintiff's opposition to notice of removal as altered by his motion to modify, insofar as the Plaintiff requests consolidation of his two pending cases. Accordingly, case CIV-09-1124 BB/WPL will be consolidated with this case.

## FACTUAL BACKGROUND

Plaintiff is a resident of Bernalillo County, New Mexico and is currently incarcerated in the Guadalupe County Correctional Facility. *See* Docs. 1-1 ¶ 1, at 7; Doc. 39 at 4. On or about July 12, 2006, officers of Defendant City of Albuquerque Police Department ("APD") arrested Plaintiff and conducted a search of both his home and his place of business. *See id.* ¶ 13, at 4. During the search, officers seized Plaintiff's papers, cash, over fifteen computers, two vehicles, and other items. *Id.* On or about that same date, Defendant Dugger's Services, Inc.[2] towed Plaintiff's BMW from where it was parked at "604 Running Water Cr SE" in Albuquerque, New Mexico, *see id.* ¶ 9, at 8, and Defendant Acme Towing & Recovery, Inc. towed Plaintiff's Lincoln Navigator from where it was parked at 1606 Central Southeast in Albuquerque, New Mexico. *See id.* ¶ 11, at 9.

Plaintiff was "indicted and arraigned on a thirty-five (35) count financial indictment." *Id.* ¶ 14, at 10. During August 2006, pursuant to a search warrant, the APD seized other cars owned by Plaintiff; they also seized his bank account at Bank of the West containing over two thousand dollars. *See id.* ¶¶ 14 & 15, at 10. Additionally, APD conducted another search of and seized items from "Plaintiff's main home and another business location." *See id.* ¶ 14, at 10.

---

[2]In its Answer, Dugger's Services, Inc. noted that it was incorrectly identified in the Complaint as "Duggers Tow Yard." *See* Doc. 20 at 1. For purposes of this Memorandum Opinion and Order, including the disposition provisions, the Defendant named as "Duggers Tow Yard" will be referred to using its correct name, "Dugger's Services, Inc."

On or about August 11, 2006, Town & Country Towing, LLC[3] towed Plaintiff's Mercedes Benz S Class automobile, along with his mother's Volvo S 80, from where they were parked at Fifth and Fruit Streets in Albuquerque, New Mexico. *See id.* ¶ 10, at 8-9. On or about August 15, 2006, Acme Towing & Recovery, Inc. towed Plaintiff's Chevrolet Suburban from where it was parked at 515 Roma Southeast in Albuquerque, New Mexico, *see id.* ¶ 11, at 34, and Munos Wrecker, Inc.[4] towed Plaintiff's Ford Coachman Santara RV and his Suzuki Sidekick from where they were parked at 9701 Central and 11016 Central, respectively, in Albuquerque, New Mexico, *see id.* ¶ 12, at 9.

The Second Judicial District Court had ordered that all of these vehicles be held until further order by the court. *See id.* ¶¶ 9-13, at 8-10. None of the Defendant towing companies ever advised Plaintiff that it had possession of any of the vehicles or that any vehicle was unaccounted for or had otherwise been converted. *See id.* Dugger's Services, Inc. sold the BMW and did not account for the proceeds of the sale. *See id.* ¶ 9, at 8. During Plaintiff's criminal case, Defendants Hammer or Drebing told Plaintiff's attorney and the state court that the vehicles were being held pursuant to the "'New Mexico Racketeering Act' and that all seized items would be held until the criminal case was complete." *Id.* ¶ 15, at 10.

In August 2007, Plaintiff was indicted in a new twenty-six count indictment. *See id.* ¶ 16, at 10. In August 2008, "Defendant's [sic] Hammer and/or Drebing through their office offered the

---

[3] In its Answer, Town & Country Towing, LLC notes that it was incorrectly identified in the Complaint as "Town and Country Tow Yard." *See* Doc. 15 at 1. For purposes of this Memorandum Opinion and Order, and except where it would cause inconsistency, the Defendant named as "Town and County Tow Yard" will be referred to using its correct name, "Town & Country Towing, LLC."

[4] In its Answer, Munos Wrecker, Inc. noted that it was improperly identified in the Complaint as "Munoz Tow Yard." *See* Doc. 11 at 1. For purposes of this Memorandum Opinion and Order, including the disposition provisions, the Defendant named as "Munoz Tow Yard" will be referred to using its correct name, "Munos Wrecker, Inc.".

3

Plaintiff a plea agreement." *Id.* ¶ 17, at 11.  In addition to other terms, the plea agreement proposed that the vehicles owned by Plaintiff prior to April 1, 2006 would be returned, and that all other property and cash would be forfeited pursuant to the "New Mexico Racketeering Act." *Id.* Plaintiff signed the agreement, but in the next few months "it became clear to the Plaintiff that the provisions of the plea agreement used to induce the plea were not going to be followed by the Defendants." *Id.* ¶ 18, at 5.  Plaintiff requested that his plea be withdrawn but the state court denied the request. *See id.*  Plaintiff told the state court that none of the vehicles or seized property had been returned; the state court advised Plaintiff that the issue was a civil matter.  *See id.*  Plaintiff appealed the decision in his criminal matter; the appeal is pending.  *See id.*

## PROCEDURAL BACKGROUND

On November 25, 2009, Plaintiff filed with this Court a Civil Rights Complaint against the Office of the District Attorney for the Second Judicial District, District Attorney Kari Brandenberg, for equitable relief, Deputy District Attorney Robin S. Hammer, in her individual and official capacities, Deputy District Attorney Mark L. Drebing, in his individual and official capacities (hereinafter jointly called the "DA Defendants"), City of Albuquerque Police Department, Detective Marigrace Barreras #2924, in her individual and official capacities, Detective Chadwick J. Melvin #3091, in his individual and official capacities, Detective Carla Perez #3096, in her individual and official capacities, and Sgt. Kevin Rowe, in his individual and official capacities, which complaint was assigned the following case number: CIV-09-1124 BB/WPL.

On February 1, 2010, Plaintiff filed against these same defendants and four towing companies a Civil Complaint for Fraud, Conversion and Restitution in the Second Judicial District

Court for New Mexico.[5] *See* Doc. 1-1. In the Complaint, he asserts that "Plaintiff's civil rights were violated . . . [and] that his state and/or federal constitutional rights, privileges and/or immunities have been violated." *See* Doc. 1-1 ¶ 24, at 13. Specifically, Plaintiff contends that

a. He was deprived of his property without due process of law.

b. His property was forfeited without due process of law.

c. He was not afforded his right against unreasonable seizure.

d. He was not afforded his right to equal protection of the law.

e. He was not afforded his right to due process of law.

f. He was not afforded his right against Double Jeopardy.

g. He was subjected to Gross Prosecutorial Misconduct.

*Id*.

On February 25, 2010, the DA Defendants filed their Notice of Removal, asserting that the federal court has "original jurisdiction as Plaintiff's Complaint alleges claims arising under the Constitution of the United States" and that the Court has federal-question and civil-rights jurisdiction over this matter. Doc. 1 ¶¶ 4 & 6, at 2-3. Defendants Munos Wrecker, Inc., Town & Country Towing, LLC, Dugger's Services, Inc., Acme Towing & Recovery, Inc., the City of Albuquerque Police Department, Sgt. Rowe, and Detectives Perez, Barreras, and Melvin consented to the removal. *See* Docs. 12, 17, 19, 22, 27 and 45.

On March 17, 2010, Plaintiff filed an *Opposition to Notice of Removal* requesting that the Court consolidate the prior filed matter with this case and remand this matter back to the state court. *See* Doc. 7 at 1-2. On April 19, 2010, the DA Defendants filed their *Reply to Opposition to Notice*

---

[5]Cause No. CV 2010-01507

*of Removal* arguing that both the previously-filed action and the current case raise the same claims against the same Defendants. *See* Doc. 31 at 2. The DA Defendants request that the Court retain its jurisdiction over the matter and exercise supplemental jurisdiction over the state-law claims. *See id.* 4. On April 28, 2010, Plaintiff filed a *Motion to Modify Opposition to Notice of Removal* (Doc. 38) asking that the relief requested in his *Opposition to Notice of Removal* (Doc. 7) be changed to "Wherefore the Plaintiff respectfully moved the court to remand the complaint filed in the Second Judicial District back to that court or in the alternative consolidate CIV-10-CV-00171 [sic] RHS/LFG with CIV-09-CV-1124 [sic] BB/WPL in this court." Doc. 38 ¶ 5, at 2. Defendants did not respond to this motion.

On April 1, 2010, Defendant Acme Towing & Recovery, Inc. filed its Motion for Extension to File Answer or Other Responsive Pleading, noting that Plaintiff was unable to be contacted. *See* Doc. 18 at ¶ 3 at 2. On April 13, 2010, Acme Towing & Recovery, Inc. filed a Supplement to its motion for extension stating that Plaintiff provided his telephonic consent to the motion and the motion is therefore unopposed. *See* Doc. 28 at 1.

## DISCUSSION

**1.     Defendant Acme Towing & Recovery, Inc.'s Motion for Extension to File Will Be Granted.**

In its motion for extension to file its answer, Defendant Acme Towing & Recovery, Inc. requests until April 21, 2010 to file its answer. *See* Doc. 18 at 1. It then filed a supplement to its motion indicating that the motion was unopposed. *See* Doc. 28 at 1. Acme has since filed its Answer along with a counterclaim on April 21, 2010. *See* Doc. 33. Because the motion is unopposed, it will be granted.

**2.      Removal is Proper**

Plaintiff filed an *Opposition to Notice of Removal*, which the Court construes as a motion to remand.[6] Plaintiff asserts that this case should be remanded back to the state court because "the issues and claims raised in the complaint are already the subject of a 1983 Civil Rights Complaint filed November 25, 2009 in this Court . . . making removal of the Complaint . . . unjustified." *See* Doc. 7 ¶ 3, at 1. Plaintiff further asserts that the state court has original jurisdiction over all of the state claims contained in his Complaint. *See id* ¶ 4, at 1.

Under 28 U.S.C. § 1331, a federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal-question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). The complaint must describe the statute or constitutional provision under which the claim arises as well as assert sufficient facts to demonstrate that the case does, indeed, arise under federal law. *See Martinez,* 802 F.2d at 1280. Here, Plaintiff raises a federal question in his Complaint, specifically the violation of his constitutional and federal civil rights; therefore, Defendants have the right to remove this matter from state court. Jurisdiction over this case in this Court is proper.

With regard to the state-law claims, pursuant to 28 U.S.C. § 1367(a), when a state claim is so related to a federal claim that it forms part of the same case or controversy under Article III of the United States Constitution, the federal court has supplemental jurisdiction to decide the state-law

---

[6]"[I]f the court can reasonably read the pleadings to state a valid claim on which [a pro se] plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

claims. Once a district court has original jurisdiction over a federal claim, the decision whether to exercise supplemental jurisdiction over related state-law claims is at the court's discretion. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004). While this case does contain state-law issues, the civil-rights claims are at the forefront of Plaintiff's allegations. The state-law claims arise from the same case or controversy and the Court will exercise supplemental jurisdiction over those claims.

**3.     Plaintiff's Two Cases will be Consolidated**

The DA Defendants filed their *Notice of Removal* based on federal-question and civil-rights jurisdiction. *See* Doc. 1 ¶ 4, at 2. In his *Motion to Modify Opposition to Notice of Removal*, Plaintiff requests that the Court consolidate his two cases if it does not remand his second case. Defendants have not responded to the motion to modify and have not specifically addressed the issue of consolidation. Because jurisdiction is proper in the federal court, the Court will consider Plaintiff's alternative request for consolidation of his two pending cases.

"If actions before the court involve a common question of law or fact, the court may [] consolidate the actions." FED. R. CIV. P. 42(a)(2); *see Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (noting that the decision to consolidate is a discretionary one that "will not be reversed on appeal absent clear error or exigent circumstances"). In making the determination, the Court should consider:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Although the case at bar includes towing companies as additional defendants and state-law claims, other Defendants are identical to those in CIV-09-cv-1124 BB/WPL, and the state and federal claims all arise from a common nucleus of facts. As Plaintiff admits, the "issues and claims raised in th[is] complaint are already the subject of a 1983 Civil Rights Complaint filed November 25, 2009 in this Court under cause number CIV-09-cv-1124 [sic] BB/WPL." Doc. 7 ¶ 3, at 1. Plaintiff argues that "[t]hough there are in fact 'Federal questions' raised in the complaint, these questions can and will be addressed in cause number CIV-09-cv-1124 [sic] BB/WPL already pending." Doc. 7 ¶ 3, at 1.

The DA Defendants request that the matter remain in the federal court and did not object to Plaintiff's motion to modify its opposition to the notice of removal. All of the appearing Defendants have filed their written consents to proceed in the U.S. District Court, and none have opposed Plaintiff's request for consolidation. Judicial resources would be wasted by allowing these two similar cases to continue separately. The parties would have to spend unnecessary resources on separate trials. None of the parties would be prejudiced by consolidation. Considerations of judicial convenience and consistent adjudications weighs heavily in favor of consolidating the two similar matters with very little risk of delay or confusion. Case CIV-09-1124 BB/WPL will be consolidated into this case.[7] The motion to modify will be granted, and the opposition to removal as altered by motion to modify will be granted insofar as the Plaintiff requests consolidation.

---

[7]While typically, in a consolidation, the lower-numbered case would remain as the lead case, because the filing fee was paid in this case, many of the Defendants have been served and have answered, and there has been significant activity in this case, it seems proper to the Court for this case number to be the lead case. "If actions before the court involve a common question of law or fact, the court may issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(3). Regardless, however, of which case leads, the consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry Co.*, 289 U.S. 479, 496-97 (1933).

## CONCLUSION

For all of the above-stated reasons, the Court concludes that Plaintiff's lawsuit filed as case CIV-09-1124 BB/WPL with this Court on November 25, 2009 should be consolidated into this case, which has been properly removed to this Court.

**IT IS THEREFORE ORDERED** that Defendant *Acme Towing & Recovery, Inc's Motion for Extension to File Answer or Other Responsive Pleading* (Doc. 18) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Modify Opposition to Notice of Removal* (Doc. 38) is **GRANTED** insofar as it requests consolidation and **DENIED** insofar as it requests remand;

**IT IS FURTHER ORDERED** that Plaintiff's *Opposition to Notice of Removal* (Doc. 7) as modified by the motion to modify is **GRANTED** insofar as it requests consolidation and **DENIED** insofar as it requests remand;

**IT IS FURTHER ORDERED** that Plaintiff's lawsuit filed with this Court as case CIV-09-1124 BB/WPL on November 25, 2009 is hereby **CONSOLIDATED** into this case.

_____
UNITED STATES DISTRICT JUDGE