## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,

       Plaintiff,

vs.                                                                 No.  CIV-10-171WJ/LFG

DUGGERS TOW YARD, TOWN AND COUNTRY
TOW YARD, ACME TOW YARD, MUNOZ TOW
YARD, CITY OF ALBUQUERQUE POLICE
DEPARTMENT, SGT. KEVIN ROW, DETECTIVE
CARLA PEREZ #3096, DETECTIVE MARIGRACE
BARRERAS #2924, DETECTIVE CHADWICK J.
MELVIN #3091, OFFICE OF THE DISTRICT
ATTORNEY FOR THE SECOND JUDICIAL
DISTRICT, DISTRICT ATTORNEY KARI
BRANDENBERG, DEPUTY DISTRICT ROBIN S.
HAMMER, DEPUTY DISTRICT ATTORNEY
MARK L. DREBING

       Defendants

consolidated with

ANDREW J. MILLER,

       Plaintiff,

vs.                                                                 No. CIV-09-1124 WJ/WPL

OFFICE OF THE DISTRICT ATTORNEY FOR
THE SECOND JUDICIAL DISTRICT, DISTRICT
ATTORNEY KARI BRANDENBURG, FOR
EQUITABLE RELIEF, DEPUTY DISTRICT
ATTORNEY ROBIN S. HAMMER, IN HER
INDIVIDUAL AND OFFICIAL CAPACITIES,
DEPUTY DISTRICT ATTORNEY MARK L.
DEBRING, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, CITY OF ALBUQUERQUE POLICE
DEPARTMENT, DETECTIVE MARIGRACE
BARRERAS #2924, IN HER INDIVIDUAL AND
OFFICIAL CAPACITIES, DETECTIVE CHADWICK

1

J. MELVIN #3091, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, DETECTIVE CARLA PEREZ
#3096, in her individual and official capacities, SGT.
KEVIN ROWE, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES,

     Defendants.

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on pro se Plaintiff Andrew J. Miller's *Objections and Motion to Reconsider Points of the Courts [sic] Memorandum Opinion and Order [Doc. #6]* (Doc. 8, CIV-09-1124 BB/WPL), filed July 20, 2010, and *Motion to Amend Complaint* (Doc. 50, CIV-10-171 WPJ/LFG), filed July 1, 2010.  The Court has reviewed the motions and briefs submitted by the parties, and the relevant authorities.  The Court concludes that Plaintiff's motion to reconsider should be granted in part and denied in part and that Plaintiff's motion to amend should be granted with conditions.

## FACTUAL BACKGROUND

  Plaintiff is a resident of Bernalillo County, New Mexico and is currently incarcerated in the Guadalupe County Correctional Facility.  *See* Doc. 1-1, CIV-10-171WPJ/LFG, ¶ 1 at 7; Doc. 39, CIV-10-171/LFG, at 4.  Plaintiff alleges that, on or about July 12, 2006, officers of Defendant City of Albuquerque Police Department ("APD") arrested Plaintiff and conducted a search of one of his homes and his place of business.  *See* Doc. 1, CIV-09-1124 BB/WPL, ¶ 20, at 3.  During the search, officers seized Plaintiff's papers, cash, over fifteen computers, two vehicles, and other items. *Id.*  Plaintiff was "indicted and arraigned on a thirty-five (35) count financial indictment." *Id.* ¶ 21, at 4.  During August 2006, pursuant to a search warrant, the APD seized other cars owned by Plaintiff; they also seized his bank account containing over two thousand dollars.  *See id.* ¶¶ 21 &

22, at 4. Additionally, APD conducted another search of, and seized items from, "the main home and other business location." *See id.* ¶ 21, at 4.

According to the search warrants, "Plaintiff's vehicles were to remain in police custody until released by the District Court Judge." *See id.* ¶ 22, at 4. During Plaintiff's criminal case, Defendants Hammer and/or Drebing told Plaintiff's attorney and the state court that the vehicles were being held pursuant to the "'New Mexico Racketeering Act' and that all seized items would be held until the criminal case was complete." *Id.* ¶ 22, at 4.

In August 2007, Plaintiff was indicted in a new twenty-six count indictment. *See id.* ¶ 23, at 4. "Using extortion on August 7, 2008 the Defendant's [sic] Hammer and/or Drebing offered the Plaintiff a plea agreement he could not refuse." *Id.* ¶ 24, at 4. In addition to other terms, the plea agreement proposed that Defendants would return "the vehicles they knew had nothing to do with the case and that the rest of the property would be forfeited pursuant to the 'New Mexico Racketeering Act.'" *Id.* at 4-5. Plaintiff signed the agreement, but in the next few months "it became clear to the Plaintiff that the provisions of the plea agreement used to induce the plea were not going to be followed by the Defendants." *Id.* ¶ 25, at 5. Plaintiff requested that his plea be withdrawn but the state court denied the request. *See id.* Plaintiff told the state court that none of the vehicles or seized property had been returned; the state court advised Plaintiff that the issue was a civil matter. *See id.* Plaintiff appealed the decision in his criminal matter; the appeal is pending. *See id.* "To this date the Plaintiff's vehicles are all unaccounted for. No money seized or from the sale of seized property was ever applied to Plaintiff's restitution." *Id.* ¶ 26, at 5. In the case of the BMW 528, which Defendants allegedly seized, "the Plaintiff found out that the Defendant's [sic] allowed it to be sold without a Court order only a few months after it was seized, way back in 2006." *Id.* ¶ 29 at 6. Neither Plaintiff nor the state court was advised that any property was sold or that the

3

money is unaccounted for.  *Id.*  "[W]ithout a hearing or notice they allowed all the property to be forfeited from the Plaintiff and on top of that, over the same case they extorted the Plaintiff into a criminal conviction."  *Id.* ¶ 30 at 6.  Plaintiff contends that Defendants made false representations to him, his attorney and the court.  *See id.*

## PROCEDURAL BACKGROUND

On November 25, 2009, Plaintiff filed a Civil Rights Complaint (the "Complaint") against the Office of the District Attorney for the Second Judicial District, District Attorney Kari Brandenberg, for equitable relief, Deputy District Attorney Robin S. Hammer, in her individual and official capacities, Deputy District Attorney Mark L. Drebing, in his individual and official capacities (hereinafter jointly called the "DA Defendants"), City of Albuquerque Police Department, Detective Marigrace Barreras #2924, in her individual and official capacities, Detective Chadwick J. Melvin #3091, in his individual and official capacities, Detective Carla Perez #3096, in her individual and official capacities, and Sgt. Kevin Rowe, in his individual and official capacities.  *See* Doc. 1, CIV-09-1124 BB/WPL.

The Complaint contends that

12.    Plaintiff was deprived of his property without due process of law.
13.    Plaintiff property was forfeited without due process of law.
14.    Plaintiff was not afforded his right against unreasonable seizure.
15.    Plaintiff was not afforded his right to equal protection of the law.
16.    Plaintiff was not afforded his right to due process of law.
17.    Plaintiff was not afforded his right against Double Jeopardy.
18.    Plaintiff was subjected to Gross Prosecutorial Misconduct.

Doc. 1, CIV-09-1124 BB/WPL, ¶¶ 12-18, at 3.  Plaintiff asserts that his state and/or federal constitutional rights have been violated.  *See id.* ¶ 19, at 3.

On February 1, 2010, Plaintiff filed against these same defendants and four towing companies a similar Civil Complaint for Fraud, Conversion and Restitution in the Second Judicial

District Court for New Mexico,[1] which was then removed to this Court. *See* Docs. 1 and 1-1, CIV-10-171WPJ/LFG.

On July 1, 2020, Plaintiff filed his Motion to Amend Complaint in case CIV-10-171 WPJ/LFG, and attached to it the proposed Amended Complaint. Doc. 50, CIV-10-171 WPJ/LFG.

On July 6, 2010, the Honorable Bruce D. Black, U.S. District Judge, *sua sponte*, issued a Memorandum Opinion and Order, having reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). *See* Doc. 6, CIV-09-1124 BB/WPL. In that Order, Judge Black dismissed without prejudice Plaintiff's claims of double jeopardy and prosecutorial misconduct, dismissed with prejudice Plaintiff's claims of unreasonable seizures and violation of his right to equal protection, and dismissed with prejudice the claims against Defendants Office of the District Attorney, Brandenberg, Hammer, Debring, Barreras, Melvin, Perez and Rowe. *See* Doc. 6, CIV-09-1124 BB/WPL at 4-5. Those Defendants were dismissed as parties to the action. *See id.* at 5. The Order also directed that the City of Albuquerque ("City") be substituted in place of Defendant City of Albuquerque Police Department and that a summons be issued to the City on Plaintiff's due-process claims. *See id.*

On July 20, 2010, Plaintiff filed his Objections and Motion to Reconsider Points of the Courts [sic] Memorandum Opinion and Order [Doc. 6] (Doc. 8) asking that all of the dismissed Defendants and claims be reinstated and that the Court issue a summons to all of the Defendants. *See* Doc. 8, CIV-09-1124 BB/WPL, at 3. Plaintiff further requests that, if the Court affirms the dismissal of the Office of the District Attorney, Brandenberg, Hammer and Debring, it modify the dismissal to be without prejudice instead of with prejudice. *See id.* at 1.

---

[1]Cause No. CV 2010-01507.

On July 23, 2010, cases CIV-10-171 WPJ/LFG and CIV-09-1124 BB/WPL were consolidated because the two similar cases arise from a common nucleus of facts. *See* Doc. 56, CIV-10-171 WPJ/LFG, at 8-10; Doc. 9, CIV-09-1124 BB/WPL, at 8-10.

## DISCUSSION

Plaintiff is contesting the decision of the Court in its Memorandum Opinion and Order filed on July 6, 2010 (Doc. 6, CIV-09-1124 BB/WPL). Plaintiff contends that "[t]he complaint sets forth genuine issues of not only the due process [claims] as the court's order states, but also of Unreasonable Seizure, Equal Protection violations, Double Jeopardy & Prosecutorial Misconduct violations." Doc. 8, CV-09-1124 BB/WPL, ¶ 6, at 2.

Plaintiff argues that the Defendants "allowed all the items and money s[e]ized to be forfeited without due process." *Id.* ¶ 3, at 1. He states "[t]he Plaintiff's civil complaint revolves around the fact that his property was forfeited without due process of law and that this was done by government officials and government agencies under color of law." *Id.* ¶ 1, at 1.

Looking at the facts presented by Plaintiff, including the clarifications made in his motion, it appears that he is, in fact, challenging the failure of the Defendants to retain or return the property in accordance with the plea, the New Mexico Forfeiture Act and the state-court's order. Plaintiff is not disputing the fact he made the plea, nor is he challenging the initial seizure itself,[2] but appears

_____

[2]Plaintiff does make some arguments with regard to the scope of the seizure. He "contends that some of the property seized was not in the scope of the warrants issued, but that the Defendants used the warrants to take the property away." Doc. 8, CV-09-1124 BB/WPL, ¶ 3, at 1. He also argues that the "individual Defendants said '[t]hey would give back the vehicles they knew had nothing to do with the case . . .'" which "shows that vehicles were seized that should not have been which seems to be a violation of the state and federal constitutional rights against unreasonable seizures." *Id.* ¶ 3, at 1. Plaintiff does not, however, point to any vehicle or property seized which was not described in the search warrants. If an item is listed in the search warrant affidavit, then it is, obviously, included in the scope of the search warrant. Any later determination by the police that the property was not relevant does not, by itself, invalidate the search warrant and any seizure

to be challenging the fact that the seized property was never returned or accounted for.

Plaintiff contests the dismissal of the prosecutorial-misconduct and double-jeopardy claims; the Court will grant reconsideration of these dismissals.  In its prior analysis, the Court held:

> No relief is available on Plaintiff's claims of prosecutorial misconduct and double jeopardy.  These claims, based on the actions of prosecutors in the state criminal proceeding, appear to call into question the constitutionality of the criminal conviction by which Plaintiff is incarcerated.  The claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.  The complaint does not allege that Plaintiff's conviction has been set aside, *see id*. at 486-87, and his assertions of misconduct and double jeopardy fail to state claims cognizable under § 1983.  *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001) (noting that filing of complaint before final resolution of state criminal proceedings "is immaterial" to *Heck* rule); *and see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).  The Court will dismiss these claims.

Doc. 6, CV-09-1124 BB/WPL, at 2-3.  "Plaintiff contends that while the [claims of double jeopardy and prosecutorial misconduct] may have sprang from his criminal matter they do not call into question the constitutionality of the Plaintiff's conviction as a claim barred under the decision in *Heck v. Humphrey*."  Doc. 8, CV-09-1124 BB/WPL, ¶ 4, at 2.

Revisiting the facts presented by Plaintiff, Plaintiff's claims against the individual District Attorneys for prosecutorial misconduct and the violation of due process are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff's claims are not calling into question the constitutionality of the criminal conviction for which Plaintiff was incarcerated.  Plaintiff is contesting the forfeiture of property without due process.  A judgment in favor of the Plaintiff on the prosecutorial-

---

resulting therefrom.  The Court's analysis that Plaintiff does not allege any valid claims against the individual officers for unreasonable seizure under the Fourth Amendment stands.  *See* Doc. 6, CIV-09-1124 BB/WPL at 3.  The Court will deny reconsideration of this issue.

misconduct and the violation-of-due-process claims would not "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.  Defendants Hammer and Debring will be reinstated as Defendants in this matter.

With regard to double jeopardy, Plaintiff argues that "[w]hen a resident of New Mexico is subject to forfeiture of his personal property and that property is forfeited, if a subsequent criminal proceeding is initiated this gives rise to double-jeopardy."  Doc. 8, CV-09-1124 BB/WPL, ¶ 4, at 2.  Plaintiff, however, provides no explanation of how double jeopardy could have occurred.  The Supreme Court of New Mexico has set forth the three required elements of a multiple-punishment claim in *State ex rel. Schwartz v. Kennedy*, 120 N.M. 619, 904 P.2d 1044 (1955):  "(1) whether the State subjected the defendant to separate proceedings; (2) whether the conduct precipitating the separate proceedings consisted of one offense or two offenses; and (3) whether the penalties in each of the proceedings may be considered "punishment" for the purposes of the Double Jeopardy Clause."  *Id.* at 626, 1051.  Here, Plaintiff pleaded guilty in his criminal case.  There was no conflicting civil case filed regarding a forfeiture of his property.  Notwithstanding the vacating of the holding in the prior Order that *Heck* was applicable to bar Plaintiff's claims, the dismissal of the claim of double jeopardy will nevertheless stand.

Plaintiff reiterated in his motion his contention that he has an equal-protection claim but did not provide any argument or facts in support of that contention.  As the Court previously stated,

> no relief is available on Plaintiff's equal protection claim.  Plaintiff does not allege some form of disparate treatment, that is, that similarly situated individuals are treated differently.  *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991).  Nor does Plaintiff allege any discriminatory treatment originating in impermissible class discrimination, *see Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991), and thus the complaint fails to present a basic element of an equal protection claim.  This claim will be dismissed.

Doc. 6, CIV-09-1124 BB/WPL, at 4.  Plaintiff has made no showing of any disparate treatment

against him in his motion to reconsider.  The Court will deny reconsideration of this issue.

Plaintiff concludes his motion by asserting that his Complaint "clearly states cognizable claims for damages against all the defendants listed before the Court's order" and requesting that "all dismissed Defendants and claims to this action" be reinstated.  Doc. 8 at 2-3.  The Court will deny reconsideration based on this general allegation.

In making this contention, Plaintiff ignores the law regarding proper defendants in a lawsuit and the substitution, on his behalf, of the City for the Defendant City of Albuquerque Police Department.  To reiterate,

> A municipal police department, of course, is not a proper defendant ("person") and cannot be held separately liable in an action under § 1983.  *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities."), *aff'd*, No. 92-1134, 1993 WL 33875 (10th Cir. Feb. 11, 1993).

Doc. 6, CV-09-1124 BB/WPL, at 3-4.  Plaintiff's claims of due-process violations against Defendant Albuquerque Police Department are construed as directed at the City itself.

Plaintiff further ignores the fact that the Office of the District Attorney is also not a proper Defendant in this case.  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  This immunity has been interpreted as prohibiting federal courts from entertaining suits against states brought by their own citizens or citizens of another state without the states' consent, *see Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990), and has also been applied when state agencies and state officials have been sued in their official

capacities.  *See Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280-81 (1977).  Only in two circumstances may a state be sued in federal court.  "First, a federal court may hear such suits if the State has expressly waived its Eleventh Amendment protection and consented to such suit in the federal courts."  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998).  This requirement is a stringent one; only where a state has unequivocally waived its constitutional immunity will a federal court have jurisdiction over the suit.  *See id.*  "Second, a State may have its Eleventh Amendment immunity abrogated by Congress if such abrogation was accomplished pursuant to a valid exercise of power by Congress" such as under section 5 of the Fourteenth Amendment.  *Id.* at 1195-96.  The Office of the District Attorney is an agency of the state and therefore entitled to Eleventh-Amendment immunity.  Congress did not abrogate the States' Eleventh Amendment immunity by the passing of 42 U.S.C. § 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  And, Plaintiff has not shown a waiver by the state of New Mexico of its immunity. Accordingly, because New Mexico has not unmistakably waived its Eleventh Amendment immunity, and Congress has not abrogated that immunity, the Eleventh Amendment bars Plaintiff's suit against the Office of District Attorney for the Second Judicial District in the federal courts.  The claims are barred as a matter of law.

Even though the claims against the individual officers for unreasonable seizure are dismissed with prejudice, all of the claims against these individual officers are not dismissed with prejudice. In Plaintiff's statement of the case, he asserts that "APD entered one of Plaintiff's homes and his place of business" and "[t]hey arrested the Plaintiff."  Doc. 1 ¶ 20, at 3.  He also asserts that "APD seized" his vehicles.  *See* Doc. 1 ¶ 21, at 4.  Plaintiff has not, however, alleged any facts against, or articulated any specific acts by, any of the individual detectives or officers of the City of Albuquerque Police Department.  *See* Doc. 6, at 3.  He does not articulate any due-process-violation

claims against the individual officers or detectives, and Plaintiff's claims against them are dismissed, but without prejudice.  Plaintiff will have the opportunity to amend his Complaint.  "'[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'"  *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (quoting C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE & PROCEDURE, Civil 2d § 1483 (West 1990)).  The Court notes that Plaintiff has included in Plaintiff's Clarification of the Allegations (Doc. 49, CIV 10-171 WPJ/LFG), in his responses to the answers provided by the tow company Defendants (*See* Docs. 35 and 39, CIV 10-171 WPJ/LFG),[3] and in his other responsive pleadings facts that are relevant to the Court's analysis but which are not contained in either of Plaintiff's Complaints or the proposed Amended Complaint.  Sufficient facts have been proffered by Plaintiff to satisfy a Rule 12(b)(6) analysis on some of his claims, but Plaintiff has not combined all of the facts into one coherent amended complaint.  Plaintiff will have twenty-one days from the date of this Order to amend his complaint to include sufficient facts to set forth a valid claim against the individual officers and/or detectives for a violation of Plaintiff's due-process rights.

Similarly, Plaintiff does not articulate specific facts against the individual attorneys employed by the Office of the District Attorney for the Second Judicial District to support a due-process-violation claim against any of them.  Plaintiff does state that the "Defendant's knew or should have known that some of the property seized was to be returned to the Plaintiff, but without a hearing or notice they allowed all the property to be forfeited from the Plaintiff and on top of that,

---

[3]On July 15, 2010, the Court, *sua sponte*, filed an Order Striking Plaintiff's Response to Answer, noting that Plaintiff's response is an unauthorized pleading and was filed without leave of Court.  *See* Doc. 54, CIV 10-171.  The responses contained facts not presented by Plaintiff in his Complaints.

over the same case they extorted the Plaintiff into a criminal conviction." Doc. 1 ¶ 30, at 6.  When there are multiple defendants, however, plaintiff has the burden of providing the defendants with fair notice of the grounds for the claims made against each of the defendants.  *See Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008).  Generally, when there is more than one defendant, a plaintiff may not use the collective term "Defendants" without any distinction as to what acts are attributable to whom, thereby making it impossible for any of the defendants to discern what particular unconstitutional acts they are purported to have committed.  *See id.* at 1250.  In his Complaint, Plaintiff does not describe how, if at all, the individual attorneys caused Plaintiff "to be deprived of [his] constitutional rights" through either of their "exercise of control or direction." *Mink v. Knox*, ___ F.3d ____, 2010 WL 2802729 *4 (10th Cir. 2010).  Plaintiff will have twenty-one days from the date of this Order to amend his complaint to include sufficient facts to set forth a valid claim against Defendants Hammer and/or Drebing for a violation of due process.

Plaintiff has filed a Motion to Amend Complaint (Doc. 50, CIV 10-171 WPJ/LFG) that includes additional facts and documents in support of his claims.  The Court has provided instruction herein to the Plaintiff with regard to amending his Complaint.  The Court will grant Plaintiff's Motion to Amend Complaint and provide him twenty-one days in which to file his Amended Complaint.  Plaintiff shall not, however, file his Amended Complaint as currently written.  Instead, any Amended Complaint filed by Plaintiff shall comply with the Court's instructions in this Order, shall delete the names of all Defendants who have been dismissed, and shall substitute the City of Albuquerque for the Defendant City of Albuquerque Police Department.

In case CIV 10-171 WPJ/LFG, pursuant to a Stipulation of Dismissal, the Court dismissed with prejudice Defendant Kari Brandenberg as a Defendant.  *See* Doc. 44. The allegations made against Defendant Brandenberg in both of the consolidated cases are identical.  There is no

respondeat-superior liability under 42 U.S.C. § 1983.[4] Because of this, and having been voluntarily dismissed in one case, the Court will apply the dismissal of Defendant Brandenberg to both cases.

## CONCLUSION

For all of the above-stated reasons, the Court concludes that the focus of Plaintiff's Complaint is not on the seizure of his property but, rather, on the allegedly unlawful violation of court orders regarding the safekeeping and the subsequent forfeiture of property without due process of law.  While Plaintiff may not have succinctly stated his case, taking the facts he presented in multiple documents as true, it appears that he may be alleging some claims upon which relief may be granted and an opportunity for Plaintiff to properly present his facts is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's *Objections and Motion to Reconsider Points of the Courts [sic] Memorandum Opinion and Order [Doc. #6]* (Doc. 8, CIV-09-1124 BB/WPL) is **GRANTED** in part and **DENIED** in part;

**IT IS FURTHER ORDERED** that the dismissal in the Memorandum Opinion and Order, filed July 6, 2010 (Doc. 6, CIV-09-1124 BB/WPL), of the Plaintiff's claims of prosecutorial misconduct and double jeopardy based on *Heck* is **VACATED**;

**IT IS FURTHER ORDERED** that Defendants Robin S. Hammer and Mark L. Drebing are **REINSTATED** as Defendants in this matter;

**IT IS FURTHER ORDERED** that Plaintiff's claims of double jeopardy are **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that Plaintiff's request for reconsideration of his equal protection claims is **DENIED**.

---

[4]*Monell v. Dep't of Soc. Services*, 436 U.S. 658, 691-92 (1978).

**IT IS FURTHER ORDERED** that Plaintiff's request for reconsideration of his claims regarding the scope of the seizure is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's request for reconsideration of dismissal of his claims against the Defendant Office of the District Attorney for the Second Judicial District is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's request for reconsideration of dismissal of his claims against the Defendant City of Albuquerque Police Department and the substitution of the City of Albuquerque for Defendant City of Albuquerque Police Department as Defendant in this case is **DENIED**.

**IT IS FURTHER ORDERED** that the dismissal with prejudice in the Memorandum Opinion and Order, filed July 6, 2010 (Doc. 6, CIV-09-1124 BB/WPL), of the claims against Sgt. Kevin Rowe, Detective Carla Perez, Detective Marigrace Barreras, and Detective Melvin is hereby **VACATED**; the claims against these officers and detectives are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Kari Brandenberg is **DISMISSED** with prejudice as a Defendant from both of the cases, CIV-09-1124 BB/WPL and CIV-10-171 WPJ/LFG, as consolidated.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Amend Complaint* (Doc. 50, CIV-10-171 WPJ/LFG) is **GRANTED**.  Plaintiff shall have twenty-one (21) days from the date this Order is filed to amend his Complaint.  Any filed Amended Complaint shall comply with the instructions contained herein.

_____
UNITED STATES DISTRICT JUDGE

14