# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,

       Plaintiff,

vs.                                           No. CIV-10-171WPJ/LFG

DUGGERS TOW YARD, et al.,

       Defendants

consolidated with

ANDREW J. MILLER,

       Plaintiff,

vs.                                           No. CIV-09-1124 BB/WPL

OFFICE OF THE DISTRICT ATTORNEY FOR
THE SECOND JUDICIAL DISTRICT, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the *Motion to Dismiss and Memorandum Brief in Support Thereof by Defendants Office of the District Attorney for the Second Judicial District, District Attorney Kari Brandenberg, Deputy District Attorney Robin S. Hammer and Deputy District Attorney Mark L. Drebing* (Doc. 25, CIV-10-171WPJ/LFG), filed April 8, 2010. The Court has reviewed the motion and briefs submitted by the parties, and the relevant authorities. The Court concludes that the motion to dismiss should be denied at this time.

## PROCEDURAL BACKGROUND

On November 25, 2009, Plaintiff filed with this Court a Civil Rights Complaint against,

1

among others, the Office of the District Attorney for the Second Judicial District, District Attorney Kari Brandenberg, for equitable relief, Deputy District Attorney Robin S. Hammer, in her individual and official capacities, and Deputy District Attorney Mark L. Drebing, in his individual and official capacities (hereinafter jointly called the "DA Defendants"), which was assigned case number CIV-09-1124 BB/WPL.

On February 1, 2010, Plaintiff filed against these same Defendants and four towing companies a Civil Complaint for Fraud, Conversion and Restitution in the Second Judicial District Court for New Mexico.[1]  *See* Doc. 1, Exhibit A (Doc. 1-1), CIV-10-171 WPJ/LFG.   In the Complaint, he asserts that "Plaintiff's civil rights were violated . . . [and] that his state and/or federal constitutional rights, privileges and/or immunities have been violated;" the DA Defendants removed the case to this Court.  *See* Doc. 1, CIV-10-171 WPJ/LFG, and Doc. 1, Exhibit A (Doc. 1-1), CIV-10-171 WPJ/LFG, ¶ 24, at 13.

On April 8, 2010, the DA Defendants filed their Motion to Dismiss in CIV-10-171 WPJ/LFG, asserting that "Plaintiff's Complaint fails to state a claim for relief against them, Plaintiff lacks standing to assert claims on behalf of other persons, Defendants enjoy sovereign immunity to New Mexico State law claims and enjoy absolute prosecutorial immunity to all claims under 42 U.S.C. §1983."  Doc. 25, CIV-10-171WPJ/LFG, at 1-2.  On June 9, 2010, pursuant to a Stipulation of Dismissal, the Court dismissed Defendant Kari Brandenberg as a Defendant in this matter.  *See* Docs. 41 & 44, CIV-10-171WPJ/LFG.   On July 1, 2010, Plaintiff filed a Motion to Amend Complaint in case CIV-10-171 WPJ/LFG, and attached to it the proposed Amended Complaint. Doc. 50, CIV-10-171 WPJ/LFG.

---

[1]Cause No. CV 2010-01507

On July 6, 2010, the Honorable Bruce D. Black, U.S. District Judge, *sua sponte*, issued a Memorandum Opinion and Order in the first case, having reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6).  *See* Doc. 6, CIV-09-1124 BB/WPL.  In that Order, Judge Black dismissed without prejudice Plaintiff's claims of double jeopardy and prosecutorial misconduct, dismissed with prejudice Plaintiff's claims of unreasonable seizures and violation of equal protection, and dismissed with prejudice the claims against Defendants Office of the District Attorney, Brandenberg, Hammer, and Debring.  *See* Doc. 6, CIV-09-1124 BB/WPL, at 4-5.  The Court further dismissed these Defendants as parties to the action.  *See id.* at 5.  The Order also directed that a summons be issued to the City on Plaintiff's due-process claims.  *See id.*

On July 20, 2010, Plaintiff filed his Objections and Motion to Reconsider Points of the Courts [sic] Memorandum Opinion and Order [Doc. 6] asking that all of the dismissed Defendants and claims be reinstated and that the Court issue summonses to all of the Defendants.  *See* Doc. 8, CIV-09-1124 BB/WPL, at 3.  Plaintiff further requests that, if the Court affirms the dismissal of the Office of the District Attorney, Brandenberg, Hammer and Debring, it modify the dismissal to be without prejudice instead of with prejudice.  *See id.* at 1.

On July 23, 2010, the Court consolidated cases CIV-10-171WPJ/LFG and CIV-09-1124 BB/WPL because the two similar cases arise from a common nucleus of facts.  *See* Doc. 56, CIV-10-171WPJ/LFG, at 8-10; Doc. 9, CIV-09-1124 BB/WPL, at 8-10.  On August 11, 2010, the Court reconsidered and vacated the dismissal of Plaintiff's prosecutorial-misconduct claims, maintained the dismissal of the double-jeopardy claims, and reinstated Defendants Robin S. Hammer and Mark L. Drebing as Defendants in this case.  *See* Doc. 60, CIV-10-171WPJ/LFG.  The Court denied reconsideration of Plaintiff's equal-protection claim, his scope-of-seizure claim, and the dismissal of the Office of the District Attorney for the Second Judicial District as a Defendant, and dismissed

3

Defendant Kari Brandenberg as Defendant in both of the consolidated cases. *See id.* at ____.
Lastly, because the *sua sponte* dismissal with prejudice of some of Plaintiff's claims had been issued
without giving the Plaintiff an opportunity to amend, the Court granted Plaintiff's Motion to Amend
Complaint and provided Plaintiff with twenty-one days to amend his Complaint to state sufficient
claims against proper defendants and in compliance with the Order. *See id.* at ____.

## DISCUSSION

In response to the DA Defendants' motion to dismiss, Plaintiff argues "there are genuine
issues of material fact contained in [his] complaint which makes dismissal of the claims against the
DA Defendants inappropriate" and "DA Defendants do not enjoy sovereign, absolute, or qualified
immunity to the claims raised against them in Plaintiff's complaint with respect to the New Mexico
Tort Claims Act or 42 U.S.C. section 1983." Doc. 30, CIV-10-171WPJ/LFG, at 1. In his
Complaint, Plaintiff asserts that the DA Defendants did not comply with the plea agreement and
allegedly allowed his property to be sold without going through forfeiture proceedings without
applying the proceeds to his restitution amount and without a court order releasing the property from
where it was supposed to be held for "safekeeping." Plaintiff also asserts against the DA Defendants
state-law tort claims of fraud and conversion.

The DA Defendants argue in their reply that Plaintiff added in his response new factual
allegations to bolster his argument, which facts are not all contained in Plaintiff's Complaint. *See*
Doc. 36, CIV-10-171WPJ/LFG, at 1. Recognizing that Plaintiff has other facts to proffer but has
not organized the facts in a proper pleading, the DA Defendants contend that "in the absence of an
Amended Complaint, Plaintiff's new factual allegations should be disregarded." *Id.* at 1. Because
the Court has allowed the Plaintiff to amend his Complaint, the DA Defendants' motion to dismiss
will be denied at this time. If appropriate, the DA Defendants may renew their motion to dismiss

after the filing of the Amended Complaint.

## CONCLUSION

Because Plaintiff has been granted an opportunity to amend his Complaint, a dismissal of Plaintiff's claims is inappropriate at this time.

**IT IS THEREFORE ORDERED** that the *Motion to Dismiss and Memorandum Brief in Support Thereof by Defendants Office of the District Attorney for the Second Judicial District, District Attorney Kari Brandenberg, Deputy District Attorney Robin S. Hammer and Deputy District Attorney Mark L. Drebing* (Doc. 25, CIV-10-171WPJ/LFG) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

5