IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,
                    Plaintiff,

Vs.                                        No. CIV-10- 171 WJ/LFG

DUGGER'S SERVICES, INC., E{A KAP, INC.
(DBA TOWN { COUNTRY TOWING), MUNOS
WRECKER, INC., CITY OF ALBUQUERQUE,
SGT. KEVIN ROWE, DETECTIVE CARLA
PEREZ #3096, DETECTIVE MARIGRACE
BARRERAS #2924, DETECTIVE CHADWICK
J. MELVIN #3091, DEPUTY DISTRICT ATTORNEY
ROBIN S. HAMMER, DEPUTY DISTRICT ATTORNEY
MARK L. DREBING, ACME TOWING { RECOVERY, INC.,
                    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 3 1 2010

MATTHEW J. DYKMAN
CLERK

Consolidated with

ANDREW J. MILLER,
                    Plaintiff,

Vs.                                        No. CIV-09-1124 WJ/WPL

DEPUTY DISTRICT ATTORNEY ROBIN
S. HAMMER, IN HER INDIVIDUAL AND
OFFICIAL CAPACITIES, DEPUTY DISTRICT
ATTORNEY MARK L. DREBING, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES,
CITY OF ALBUQUERQUE, DETECTIVE
MARIGRACE BARRERAS #2924, IN HER
INDIVIDUAL AND OFFICIAL CAPACITIES,
DETECTIVE CHADWICK J. MELVIN #3091,
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, DETECTIVE CARLA PEREZ
#3096, IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES, SGT. KEVIN ROWE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES,
                    Defendants.

Date: _____

| | No. |
| | Name |
| | Unit |

WMCF
PO Drawer 250
Grants, NM 87020

SMCF-POU
PO Box 20005
Las Cruces, NM 88004

SMCF
PO Box 639
Las Cruces, NM 88004

PNM
PO Box 1059
Santa Fe, NM 87504

LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

GCCF
P.O. Box 520
Santa Rosa, NM 88435

CNMCF/CMU/CMU
PO Drawer 1328
Las Lunas, NM 87031

# AMENDED CIVIL COMPLAINT

COMES NOW the Plaintiff Andrew J. Miller, Pro Se, pursuant to the Court's Memorandum Opinion And Order [Doc. 60] in Cause number CIV-10-171 WJ/LFG and [Doc. 11] in CIV-09-1124 WJ/WPL to Amend his complaint and for his Amended Complaint states as follows:

## A. JURISDICTION AND VENUE

1. Original Jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331, 1343(3), 42 U.S.C. 1983 and the Court's Memorandum Opinion And Order [Doc. 56] filed in Cause number CIV-10-171 WJ/LFG

## B. THE PARTIES

2. Plaintiff Andrew J. Miller is a citizen of New Mexico, resident of Bernalillo County who is presently confined in Santa Rosa, New Mexico at the Guadalupe County Correctional Facility P.O. Box 520, South Hwy. 54, Santa Rosa, New Mexico 88435.

## B.2. DEFENDANTS

3. Dugger's Services, Inc., and Munos Wrecker, Inc, are both duly established businesses in the County of Bernalillo, state of New Mexico being sued individually and in their official capacity for actions done under color of law.

4. To the best of the Plaintiff's Knowledge and belief E!A Kap, Inc., is a defunct business who was duly established at all times relevant to the issues of this Complaint and doing business as Town & Country Towing and is being sued herein individually and in its individual and official capacity for actions done under color of law.

5. The City Of Albuquerque is a duly established municipality in the State of New Mexico operating an administrative division called the City of Albuquerque Police Department and the City of Albuquerque is being sued herein individually and in its individual and official capacity for actions done under color of law.

6. Marigrace Barreras #2924, Chadwick J. Melvin #3091, and Carla Perez #3096 were at all times relevant hereto each employed by the City of Albuquerque as ranking officers of the City of Albuquerque Police Department. They are each being sued individually and in their official capacities for actions done by each of them under color of law.

7. Kevin Rowe was at all relevant hereto employed by the City of

(2)

Date:

Name

No.

Unit

☐ WNMCF
PO Drawer 250
Grants, NM 87020

☐ SNMCF-POU
PO Box 20005
Las Cruces, NM 88004

☐ SNMCF
PO Box 639
Las Cruces, NM 88004

☐ PNM
PO Box 1059
Santa Fe, NM 87504

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ CNMCF/CRRU/CMU
PO Drawer 1328
Los Lunas, NM 87031

Albuquerque as a sergeant for the City of Albuquerque Police Department and he is being sued individually and in his official capacity for actions done under color of law.

8. Robin S. Hammer and Mark L. Drebing were at all times relevant here to employed by the State of New Mexico as Deputy District Attorneys for the County of Bernalillo and are both being sued individually and in their official capacity for actions done under color of law.

## C. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIFE

9. Plaintiff has complied with the New Mexico's "Notice of Claim" statute NMSA 41-4-16 for claims arising under state law.

10. Plaintiff filed a Civil Complaint in the Second Judicial District Court, the County of Bernalillo, the State of New Mexico under cause No. CV 2010-01507 which has been removed to this Court under Cause No. CIV 10-171 WJ/LFG consolidated herein.

11. At the time of this filing no other actions have been filed in this matter

## D. ALLEGATIONS COMMON TO ALL CLAIMS

12. The Plaintiff was deprived of his property without due process of law.

13. The Plaintiff's property was forfeited without due process of law.

14. The Plaintiff was not afforded his right to due process of law.

15. The Plaintiff's property was converted without compensation.

16. The Plaintiff was subjected to gross prosecutorial misconduct (This claim is specific to Defendants Robin S. Hammer and Mark L. Drebing).

17. The above privileges or immunities are state and/or federal constitutional rights afforded to the Plaintiff that have in fact been violated.

## E. STATEMENT OF CASE

18. To the best of the Plaintiff's knowledge and belief, on or about June 6, 2006 Sergeant Kevin Rowe of the White Collar Crimes Unit for the City of Albuquerque Police Department (hereafter "Defendant Rowe") assigned Detective Macigrace Barreras #3924 of the City of Albuquerque Police Department (hereafter "Defendant Barreras") to head up an ongoing investigation of fraud and/or embezzlement revolving around the Plaintiff as the perpetrator.

Page:

(3)

Date: _____

Name _____

No. _____

Unit _____

☐ CNMCF/CNRU/CMU
PO Drawer 1328
Los Lunas, NM 87031

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ SNMCF-POU
P.O. Box 20005
Las Cruces, NM 88004

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

19. To the best of the Plaintiff's Knowledge and belief, on about or between June 6, 2006 and July 12, 2006 Defendant Barreras consorted with the Second Judicial District Attorney's Office to gain assistance with her ongoing investigation. At which time Deputy District Attorney Robin B. Hammer and/or Mark L. Drebing (hereafter respectfully "Defendant Hammer" and "Defendand Drebing") were assigned from the Second Judicial District Attorney's Office to assist with the ongoing investigation.

20. On or about July 11, 2006 as part of the investigation Defendant Barreras Conferred telephonically with Defendant Hammer and it was agreed upon by the two of them that Defendant Barreras should seek warrants to further the investigation and arrest the Plaintiff and one of his employees.

21. On July 12, 2006 Defendant Barreras sought and received a number of warrants to include an arrest warrant for the Plaintiff, search warrants for a home and business locations of the Plaintiff, and search warrants for 12 vehicles believed to be owned by the Plaintiff (it should be noted these warrants were specifically to search the vehicles and made no reference to seizure of the vehicles). All warrants were issued out of the Second Judicial District Court.

22. A short time after a number of the warrants were executed simultaneously, namely the warrants to search the home and business locations of the Plaintiff, the warrants to search the Plaintiff's BMW 528i, his Lincoln Navigator, and the warrants to arrest the Plaintiff and one of his employees.

23. To the best of the Plaintiff's Knowledge and belief on July 12, 2006 Defendant Barreras after she obtained the aforementioned warrants, conferred with Defendant Hammer and Defendant Rowe about execution of the warrants. Defendant Hammer who had approved the warrants would not accompany the team, but her and Defendant Drebing would be on hand telephonically if needed and Defendant Rowe assigned Detective Chadwick J. Melvin #3091 And Detective Carle Perez #3096 to Key roles in the execution of the warrants.

24. To the best of the Plaintiff's Knowledge and belief Detective Chadwick J. Melvin #3091 of the Albuquerque Police Department (hereafter "Defendant Melvin") was assigned as lead Detective for the execution of the warrant at 604 Running Water Cir, Detective Carle Perez #3096 of the City of Albuquerque Police Department (hereafter "Defendant Perez") was assigned to a key role for the execution of the warrant at 1606 Central SE, Defendant Barreras as lead Detective for the whole investigation lead the team at the Direction of Defendant Rowe.

25. With a large show of force by the City Of Albuquerque Police Department the aforementioned warrants were executed with guns drawn by a large contingent of officers. They arrested the Plaintiff, conducted a search

Date: _____

Name _____
No. _____
Unit _____

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ SNMCF-POU
P.O. Box 20005
Las Cruces, NM 88004

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ CNMCF/CMRU/CMU
PO Drawer 1328
Las Lunas, NM 87031

at both locations and seized papers, a small amount of cash (between $100.00 - $200.00), over fifteen computers, several cell phones, cameras, a BMW 528i, a Lincoln Navigator, and a number of other items of value. When the contingent of officers left the location at 1606 Central SE, it is believed that they left without securing the premises leading to the theft of over $12,000.00 worth of office equipment by an unknown preparator. A police report was made and the loss was reported to the Plaintiff's insurance company.

26. Plaintiff who was now in custody learned that the two aforementioned vehicles had been taken from their respective locations by order of the Albuquerque Police Department, ask one of his family members to call the non-emergency number for the Albuquerque Police Department to find out how he could get his vehicles back. The family member of the Plaintiff was directed to Defendant Barreras as the person who could answer any questions with respect to the vehicles. It is the Plaintiff's understanding that a very detailed message was left for Defendant Barreras in reference to the status of the vehicles asking her to contact the Plaintiff or the Plaintiff's family member with any information about the vehicles and she never made contact.

27. However, on or about July 18, 2006 Defendant Barreras conferred with Defendant Hammer telephonically and it was agreed upon by the two of them that Defendant Barreras should seek a second round of search warrants. These warrants should be to search and seize 19 vehicles believed to be owned by the Plaintiff and to search the main home of the Plaintiff located at 41 Arroyo Venada Rd in Placitas, New Mexico (it should be noted that these 19 vehicles included the 12 vehicles from the first round of warrants with an additional 7 vehicles added in to total 19 vehicles). These warrants were executed in the same manner as the first round of warrants. Papers, cash, a computer, several cell phones, cameras, and a number of other items were seized as a result of this round of warrants.

28. Plaintiff retained his long time attorney Donald F. Kochersberger III to represent him in this matter. Mr. Kochersberger contacted the second Judicial District Attorney's office to check the status of the case for which the Plaintiff was being held and was told the case had not been assigned to a specific Assistant District Attorney for prosecution yet.

29. After 10 day had passed without word from the Office of the District Attorney and the Plaintiff had not been set for indictment Mr. Kochersberger filed a motion to review the Plaintiff's conditions of release.

30. Subsequently the Plaintiff was indicted and arraigned on a 35 count financial crimes indictment. Mr. Kochersberger asked the Assistant District Attorney who was at the Plaintiff's arraignment about the status of his vehicles and she stated she was not sure of what was going on with

Name

No. _____ Unit _____

Date: _____

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ SNMCF-POU
P.O. Box 20005
Las Cruces, NM 88004

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ CNMCF/CMRC/CMCU
P.O. Drawer 1328
Los Lunas, NM 87031

the vehicles and that she would not be the Assistant District Attorney assigned to this case, she was only there for the arraignment.

31. On or about August 9, 2006 for reasons unknown to the Plaintiff Defendant Barreras conferred telephonically with Defendant Drebing and it was agreed upon by the two of them that Defendant Barreras should seek a third round of warrants. These new warrants would be to search and seize the same 19 vehicles from the second round of warrants and to the best of the Plaintiff's knowledge and belief to also search another business location belonging to the Plaintiff. These warrants were executed in the same manner as the first and second rounds of warrants and papers, cameras, furniture, and a number of other items were sized as a result of this round of warrants.

32. With the approval of Defendant Hammer and/or Defendant Drebing before either of them were actually assigned to prosecute the Plaintiff's Criminal case, Defendant Barreras through the City of Albuquerque Police Department seized the two aforementioned vehicles, a Mercedes Benz S Class, a Volvo S 80, a Chevrolet Suburban, a Suzuki Side Kick, two Cadillac's, and a Ford Coachman Santara RV (for a total of nine vehicles) along with all the other aforementioned cash and property of value from the Plaintiff as part of a Joint investigation between their offices.

33. On or about July 12, 2006 Defendant Dugger's Services, Inc., was called by an unknown member of the City of Albuquerque Police Department to 6604 Running Water Cr SE, Albuquerque, New Mexico to tow the Plaintiff's BMW 528i which had been or would be seized by order of the Second Judicial District Court, with specific orders from the court to hold the vehicle until further order of the Court. Defendant Dugger's Service or City of Albuquerque through it's agents never notified and/or never properly notified the Plaintiff or Antoinette M. Tenorio the owners of the vehicle that they had the vehicle or that they would or had converted the vehicle without an order of the Court. The vehicle was sold without proper authority or notice by Defendant Dugger's Services, Inc., and the money therefore is unaccounted for. This all without an order from the court.

34. On or about August 11, 2006 Defendant E&A Kap, INC., (Doing Business As Town & Country Towing, hereafter "Defendant E&A Kap") was called by an unknown member of the City of Albuquerque Police Department to 5th and Fruit street in Albuquerque, New Mexico to tow the Plaintiff's Mercedes Benz S Class and his mother Virginia Harris' Volvo S 80 which had both been seized by order of the Second Judicial District Court with specific orders from the court to hold these vehicles until further order of the Court. Defendant E&A Kap or Defendant City of Albuquerque through it's agents never properly notified the Plaintiff the sole owner of the Mercedes Benz S Class or the Plaintiff or Virginia Harris the owners of the Volvo S 80 that they had the vehicles or that the vehicles would be converted. To the best of the Plaintiff's information, knowledge and

_Date:_ _____

Name _____
No. _____
Unit _____

☐ CNMCF/CRRU/CMU
P.O. Drawer 1328
Los Lunas, NM 87031

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ SNMCF-POU
P.O. Box 2005
Las Cruces, NM 88004

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

belief both of these vehicles have been either converted or sold without proper authority. Either way the vehicles are both unaccounted for and/or any money therefore is unaccounted for. This all without an order from the Court.

35. On or about July 12, 2006 Defendant Acme, Towing & Recovery, Inc., was called by an unknown member of the City of Albuquerque Police Department to 11e0le Central S.E. in Albuquerque, New Mexico to tow the Plaintiff's Lincoln Navigator. Then on or about August 15, 2006 Defendant Acme Towing & Recovery, Inc., was called by an unknown member of the city of Albuquerque Police Department to 515 Roma S.E. in Albuquerque, New Mexico to tow the Plaintiff's Chevrolet Suburban. Both of these vehicles had been seized by order of the Second Judicial District Court, with spicific orders from the court to hold these vehicles until further order of the Court. Defendant Acme Towing & Recovery, Inc., or Defendant City of Albuquerque through it's agents never properly notified the Plaintiff who was the sole owner of these vehicles that they had the vehicles or that the vehicles would be converted. To the best of the Plaintiff's information, knowledge and belief both of these vehicles have been either converted or sold without proper authority. Either way the vehicles are both unaccounted for and/or any money therefore is unaccounted for. This all without an order from the Court.

36. On or about August 15, 2006 Defendant Munos Wrecker, Inc., was called by an unknown member of the City of Albuquerque Police Department to 9701 Central N.E. in Albuquerque, New Mexico to tow the Plaintiff's Ford Coachman Santara RV. On the same day there or about, Defendant Munos Wrecker, Inc., was called by an unknown member of the City of Albuquerque Police Department to 11016 Central S.E. in Albuquerque, New Mexico to tow the Plaintiff's Suzuki Sidekick. Both of these vehicles had been seized by order of the Second Judicial District Court, with spicific orders from the court to hold these vehicles until further order of the Court. Defendant Munos Wrecker, Inc., or Defendant City of Albuquerque through it's agents never properly notified the Plaintiff who was the sole owner of both of these vehicles that they had the vehicles or that the vehicles would be converted. To the best of the Plaintiff's information, knowledge and belief both of these vehicles have been either converted or sold without proper authority. Either way the vehicles are both unaccounted for and/or any money therefore is unaccounted for. This all without an order from the Court.

37. To the best of the Plaintiff's Knowledge and belief Defendant Acme Towing & Recovery, Inc., and/or Defendant E&A Kap, Inc., were called to tow a Cadillac STS and a Cadillac Seville by an unknow member of the City of Albuquerque Police Department. Both of these vehicles had been seized by order of the Second Judicial District Court, with spicific orders from the court to hold these vehicles until further order of the Court. Defendant Acme Towing & Recovery, Inc., and/or Defendant E&A Kap Inc., or Defendant City of Albuquerque through it's agents never properly notified the Plaintiff who was the sole owner of both of these vehicles that they had the

Date: _____

Name _____
No. _____
Unit _____

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ SNMCF-PGU
P.O. Box 20005
Las Cruces, NM 88004

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ CNMCF/CNMRU/CMU
P.O. Drawer 1328
Los Lunas, NM 87031

Vehicles or that the vehicles would be converted. To the best of the Plaintiff's information, knowledge and belief both of these vehicles have been either converted or sold without proper autority. Either way the vehicles are both unaccounted for and/or any money therefore is unaccounted for. This all without an order from the Court.

38. After the Volvo S 80 was seized the co-owner Virginia Harris called the city of Albuquerque Police Department to check the status of her vehicle and find out when she could pick up her other property that was in the vehicle at the time it was towed. She was directed to Defendant Barreras. Defendant Barreras, called Ms. Harris and set up a time for them to meet at the car so that Ms. Harris could get her belongings out of the car. To the best of the Plaintiff's belief, Ms. Harris asked Defendant Barreras at this meeting when the vehicle would be released and Defendant Barreras told her that she would have to get with Defendant Hammer with any other questions about the hold on the vehicle.

39. After the Lincoln Navigator was seized the lean holder Ford Motor Credit received a letter (about 4/5 days after) from the tow yard telling them that the vehicle had been impounded. However, because the Plaintiff was still making his scheduled car payments the impound department at Ford Motor Credit contaced the Plaintiff through his home phone number. The Plaintiff returned the call to Ford Motor Credit and explained to them that the vehicle had been seized as part of a criminal investigation. The agent for Ford Motor Credit informed the Plaintiff during one of several conversations between them that after trying to find out the status of the vehicle she to was ultimately directed to Defendant Hammer and that Defendant Hammer told her that Ford Motor Credit would have to wait until the out come of the criminal case, if they wanted to make a claim to the vehicle.

40. On about or some where between July 12, 2006 and January 31, 2007 Defendant Hammer and/or Defendant Drebing without notice to the Plaintiff or his criminal defense attorney through ex parte communication with a Second Judicial District Court Judge (who was not the Judge assigned to the Plaintiff's criminal matter), obtained an order to freeze bank accounts believed to belong to the Plaintiff at Bank of America.

41. On about or some where between July 12, 2006 and January 31, 2007 using trickery, deception, and/or manipulation Defendant Hammer convinced bank officials at Bank of the West to freeze a bank account belonging to the Plaintiff without a court order. In July of 2009 or there about, the Plaintiff contacted Bank of the West and was told that the funds in his account there were being held until Defendant Hammer contacted the Bank with instructions. To this day the money in that account can not be accessed without the approval of Defendant Hammer, who is not a

Page:

(8)

Date:

Name
No.
Unit

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ SNMCF-POU
P.O. Box 20005
Las Cruces, NM 88004

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ CNMCF/CNRU/CMU
P.O. Drawer 1328
Los Lunas, NM 87031

a Judge and therefore, had no authority to freeze this bank account.

42. Defendants Hammer and Drebing were active early in the investigation portion of the Plaintiff's criminal case before he was arrested and/or indicted. Their actions in this portion of the case with respect to the directions they gave to other members of the investigation team, obtaining warrants, doing research, and other case development activities were investigative and administrative in nature rather then prosecutorial. These actions were taken by them under color of law before either of them officially entered their appearance as prosecutor of record in the Plaintiff's criminal case, which did not take place until about a month after Plaintiff was indicted in the criminal case.

43. To the best of the Plaintiff's knowledge and belief his attorney in the criminal matter asked Defendant Hammer during phone conversations about the status of the Plaintiff's property (namely his vehicles). Not satisfied with the answers he was receiving from her, he posed the question to her in open court. Defendant Hammers' response to the questioning about the Plaintiff's property (namely his vehicles) in open court on the record was that the vehicles were being held under the "New Mexico Racketeering Act" and that all seized items would be held until the criminal case was complete.

44. It must be noted that New Mexico has clearly established laws outlining the process that Defendant's Hammer, Drebing, Barreras, Rowe, Perez, Melvin, and/or City of Albuquerque, had a legal obligation to follow and afford the Plaintiff before either of them allowed any of the Plaintiff's property to be forfeited, after it was seized (see specifically NMSA 31-27-5; NMSA 30-42-4 (F); the New Mexico Forfeiture Act as a whole; and State v. Nunez, 2000-NMSC-013, 129 N.M. 63 2P. 3d 264 generally). If this process was not followed the law clearly states that the property was to be returned to the Plaintiff. These Defendants did not adhere to clearly established law when they allowed the Plaintiff's property to be forfeited. Even though the claims herein did spring from a criminal matter nothing herein should be construed as a challenge to any portion of said criminal conviction or the validity of that criminal matter (which is already on appeal). It is well established New Mexico law that the claims raised herein (out of criminal case) are uniquely civil in nature (see specifically NMSA 31-27-6 (C) (2) and generally the New Mexico Forfeiture Act as a whole).

45. August 2007 while incarcerated Plaintiff was indicted along with five others (including the mother of his child) in a new twenty-six count indictment. Shortly after the Plaintiff's attorney was disqualified from representing the Plaintiff in either criminal matter by the court. Plaintiff ultimately went forward in his criminal matters Pro Se, with Attorney P. Jeffery Jones acting as standby and/or co-counsel.

46. August 7, 2008 Defendants Hammer and Drebing Knew or should have known that they had lost track of some or all of the Plaintiff's seized property (namely his vehicles). However using this property and the Plaintiff's child's mother, they extorted the Plaintiff with a plea he could not refuse. They would release his child's mother from under her unusually high bond (for her situation), she would be allowed to plea to one charge off the indictment (even though they knew she was innocent of any wrongdoing) and the portion of the deal most relevant to this matter is that they agreed to return property and/or vehicles they knew had nothing to do with the case at hand (this all amongst other concessions not relevant here to).

_Date:_ _____

No. _____

Name _____

Unit _____

☐ NENMDF
185 Doctor Michael Jenkins Rd
Clayton, NM 88415

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ SNMCF-POU
P.O. Box 20005
Las Cruces, NM 88004

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ LCCF
6900 W. Millen Dr
Hobbs, NM 88244

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ DNMCF/CRMCNU
PO Drawer 1328
Los Lunas, NM 87031

47. Defendants Hammer and Drebing made this plea offer even though they knew or should have known that they had already allowed some of or all of the Plaintiff's property to be forfeited without authority or an order of the court or without affording the Plaintiff his rights to due process of law. They offered to return said property and/or vehicles with the understanding that the rest of the property and/or vehicles would be forfeited pursuant to the "New Mexico Racketeering Act". They also offered the Plaintiff a number of other provisions in order to get him to enter the agreement.

48. The Same day, but outside of the presences of the Plaintiff who was pro se, Defendant Hammer through deception manipulated Plaintiff's standby counsel into signing a blanket forfeiture order that she already had prepared before the hearing (on August 7, 2008). She told the Plaintiff's standby counsel that she would sign an order to return the specific property or vehicles that would be returned to the Plaintiff. Though Defendant Hammer got Plaintiff's standby counsel to sign this Order in what is believed to be an attempt by her to cover up the fact that the Plaintiff's property and/or vehicles had already been illegally forfeited and/or was already unaccounted for, she failed to state in the order specifically what was being forfeited. This was also done contrary to the process due to the Plaintiff by the "New Mexico Forfeiture Act" (See NMSA 31-27-5).

49. Between August 7th and November 7, 2008 after having several orders prepared and submitted to Defendants Hammer and Drebing for their approval (including an order to release several of the seized vehicles) only to have them all rejected without counter orders, did it become clear to the Plaintiff that the only provisions of the plea agreement ~~that~~ Defendants Hammer and Drebing were trying to follow was the ones that would punish the Plaintiff and that they had know intentions on doing their part to help fulfill the provisions of the plea agreement used to induce the Plaintiff into accepting the agreement.

50. At his sentencing hearing on November 7, 2008 the Plaintiff asked the Court to allow him to withdraw his plea, However, the court relying on false statements made by Defendant Hammer would not allow the plea to be withdrawn. The Plaintiff also informed the court that he was not given back any vehicles and that nothing from any of the seized items had been applied to restitution. The court told the Plaintiff that these were civil matters.

51. The Plaintiff has appealed his criminal case, it is currently in the New Mexico Court of Appeals and nothing here in should be construed as a challenge to that conviction at this time, in this court.

52. Per the warrants to search and seize the Plaintiff's property his vehicles were ordered by the Court to remain in police custody until released by a District Court Judge. However, to this date the vehicles and/or money

Name

Unit

No.

Date: _____

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ SNMCF-FOU
P.O. Box 20005
Las Cruces, NM 88004

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ CNMCF/CMRU/CMU
PO Drawer 1328
Los Lunas, NM 87031

for them are all unaccounted for. Though Defendant Hammer repeatedly stated that the vehicles and other items were being held persuant to the "New Mexico Racketeering Act" none of the provisions of this act was followed in the forfeiture of these items. No money seized or from the sale of any of the seized items was ever accounted for, and no court order was ever issued to release them.

## F. CONCLUSION

53. Pursuant to the "New Mexico Racketeering Act" before a person's property can be forfeited under said act the provisions of the "New Mexico Forfeiture Act" must be applied. In this case as the result of the afore-mentioned actions of either or as the result of Defendants Hammer, Drebing, Barreras, Rowe, Perez, Melvin, and City of Albuquerque working in concert with each other the Plaintiff was not given the required notice as outlined in the New Mexico Forfeiture Act" nor were any other provisions of said act applied before Plaintiff's property was forfeited from him. The property which legally belonged to the Plaintiff before forfeiture was virtually stolen from the Plaintiff and this was all done under color of law.

54. Defendants Hammer and Drebing are seasoned prosecutors and they knew or should known that their actions in this matter would deprive the Plaintiff of his property with out due process and contrary to the United States and New Mexico Constitutions. As seasoned prosecutors they should have also known that their actions in this matter were illegal, unreasonable and in violation of clearly established laws and in violation of the New Mexico Rules of Professional Conduct.

55. Defendants Hammer, Drebing, Barreras, Rowe, Perez, Melvin and City of Albuquerque knew or should have known that their actions (done under color of law), their omissions, statements, deceit, willful negligence, and/or reckless disregard for the Plaintiff's rights as a united states citizen would lead to the Plaintiff's rights under the United States and New Mexico constitutions being violated and to the Plaintiff losing his property and cash without due process of law.

56. It became clear to the Plaintiff after he had accepted the plea agreement and Defendant Hammer and Defendant Drebing would not do their part to help him get his property back, that he (the Plaintiff) needed to try and find out what was really going on with his property. Through his investigation the Plaintiff was able to find out that long before August 7, 2008 Defendant Dugger's Services, Inc, was allowed to sell the Plaintiff's BMW 528i contrary to the court's order in the search and seizure warrants. Defendant Dugger's Services, Inc, contends that authority was given to them to sell this vehicle through a release from (to the best of the Plaintiff's knowledge and belief) Defendant Barreras, Perez, Melvin, or Rowe of the Albuquerque Police Department. This release was given with out an order from the Second Judicial District Court and without notice of the courts release to the Plaintiff. The Defendants Hammer and Drebing knew or

Name

No.

Unit

Date: _____

- [ ] CNMCF/CMRU/CMU
  P.O. Drawer 1328
  Los Lunas, NM 87031
- [ ] GCCF
  P.O. Box 520
  Santa Rosa, NM 88435
- [ ] LCCF
  6900 W. Millen Dr.
  Hobbs, NM 88244
- [ ] PNM
  P.O. Box 1059
  Santa Fe, NM 87504
- [ ] SNMCF
  P.O. Box 639
  Las Cruces, NM 88004
- [ ] SNMCF-POU
  P.O. Box 20005
  Las Cruces, NM 88004
- [ ] WNMCF
  P.O. Drawer 250
  Grants, NM 87020
- [ ] NENMDF
  185 Doctor Michael Jenkins Rd.
  Clayton, NM 88415

Should have known that the BMW 528i had been sold only a few months after it was seized in violation of the court's order and even though they should have, they never informed the Plaintiff or the court of this fact and the money from this sale is unaccounted for or was never collected. The Plaintiff has still not been able to find out exactly what happen to the rest of his property. However, Department of Motor Vehicle Records indicate that most of the Plaintiff's vehicles have been converted and all without release and/or order of the court.

57. Defendants City of Albuquerque, Hammer, and Drebing knew or should have known that some (if not all) of the property seized from the Plaintiff would have to be returned to the Plaintiff at some point. However, without any notice and/or a hearing they allowed all the property to be forfeited, then through fraud, trickery, false representations, and deception Defendant Hammer, tried to cover up the fact that the property (which includes 9 vehicles) and cash was either lost, converted, and/or unaccounted for (thereby already forfeited from Plaintiff).

58. The Plaintiff has herein stated cognizable claims for damages against each Defendant named above. This complaint sets forth genuine issues of material fact which establishes that the Plaintiff has suffered an injury in fact and that the injury in fact suffered is traceable to each Defendant. The rights provided by the State and federal constitutions to due process of law that the Plaintiff asserts herein as being violated by the Defendants are fundamental in nature. And the Defendants who are charged with upholding the constitutions of the United States and New Mexico, and New Mexico State law must be held accountable when they violate them.

## G. CLAIMS FOR RELIEF

59. For all the foregoing reasons, the Plaintiff respectfully request that this Court enter judgment against the Defendant, and award the Plaintiff the following relief:

a. Declaratory Judgment affirming that the acts and omissions of the Defendants as described herein did violate the civil rights of the Plaintiff.

b. Equitable relief

c. Reasonable cost and fees associated with bringing and maintaining this action including but not limited to attorney fees.

d. Compensatory damages in an amount to be determined at trial.

e. Punitive damages (against applicable Defendants) in an amount to be determined at trial.

Date:

Name _____

No _____

Unit _____

☐ CNMCF/FCMR/CMU
PO Drawer 1328
Los Lunas, NM 87031

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ LCCF
6900 W. Millen Dr.
Hobbs, NM 88244

☐ PNM
P.O. Box 1059
Santa Fe, NM 87504

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ SNMCF-FOU
P.O. Box 20005
Las Cruces, NM 88004

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

f. Any other such relief as may be just in the premises.

g. Any other such relief as the Court sees fit.

## I. DECLARATION

Pursuant to 28 U.S.C. 1746, Plaintiff Andrew J. Miller declares under penalty of perjury that the factual allegations in this complaint are true and correct to the best of his knowledge, information, and belief.

RESPECTFULLY SUBMITTED this 26th day of August 2010.

Andrew J. Miller
P.O. Box 520
Santa Rosa, NM 88435

I HEREBY CERTIFY that on the 26th day
of August, 2010, I mailed the foregoing
Amended Civil Complaint to the U.S. District
Court for the District of New Mexico for
filing and I also mailed a copy via U.S.
Mail to each of the following:

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Attorneys for Defendant - Munos Wrecker at:
P.O. Box 1888, Albuquerque, NM 87103

Law Office of Allan L. Wainwright, Esq
Attorney for Defendant - Duggar's Services at:
800 Lomas Blvd NW, Albuquerque, NM 87102

French & Associates, P.C.
Attorneys for Defendants Hammer & Drebing at:
500 Marquette Ave. N.W., Suite 500 Albuquerque, NM 87102

Attorney Kathryn Levy Esq. (Office of the City Attorney)
Attorneys for the City of Albuquerque and Defendants
Barreras, Rowe, Perez, & Melvin at:
P.O. Box 2248, Albuquerque, NM 87103 - 2248

Page: _____

(13)

_Date:_ _____

No. _____

Name _____

Unit _____

☐ NENMDF
185 Doctor Michael Jenkins Rd.
Clayton, NM 88415

☐ WNMCF
P.O. Drawer 250
Grants, NM 87020

☐ SNMCF-POU
P.O. Box 20005
Las Cruces, NM 88004

☐ SNMCF
P.O. Box 639
Las Cruces, NM 88004

☐ PNM
6900 W. Millen Dr.
Santa Fe, NM 87504

☐ LCCF
P.O. Box 1059
Hobbs, NM 88244

☐ GCCF
P.O. Box 520
Santa Rosa, NM 88435

☐ CNMCF/CMRU/CMU
PO Drawer 1328
Los Lunas, NM 87031