IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ANDREW J. MILLER,

    Plaintiff,

  vs.

             No. CIV 10-171 WJ/LFG
               consolidated with
             No. CIV 09-1124 WJ/LFG

CITY OF ALBUQUERQUE, KEVIN ROWE,
CARLA PEREZ, MARIGRACE BARRERAS,
CHADWICK J. MELVIN,  ROBIN S. HAMMER,
MARK L. DREBING, MUNOS WRECKER, INC.,
and E&A KAP, INC. d/b/a TOWN & COUNTRY
TOWING,

    Defendants.


**ORDER DENYING DEFENDANTS HAMMER, DREBING, AND MUNOS
WRECKER, INC.'S MOTION FOR EXCUSAL FROM
RULE 26 INITIAL DISCLOSURE**

   THIS MATTER is before the Court on the Motion for Excusal From Rule 26 Initial

Disclosures [Doc. 71], filed by Defendants Robin S. Hammer ("Hammer"), Mark L. Drebing

("Drebing"), and Munos Wrecker, Inc. ("Munos").  Defendants state that the motion is unopposed.

In any event, no response is necessary.  Despite the lack of opposition the Court finds that the

Motion is not well-taken, and it will be denied.

   On November 23, 2010, the Court entered an Order Lifting Stay and Establishing Case

Management Deadlines [Doc. 69].  In that Order, the Court established case management procedures

tailored to the circumstances of this case.  The parties were exempted from the meet-and-confer

requirement of FED. R. CIV. P. 26(f), and the Court determined that an initial scheduling conference

was not necessary.  The parties were ordered to serve their initial disclosures pursuant to FED. R.

CIV. P. 26(a) by December 20, 2010, and they were further ordered to file a Joint Status Report by

December 31, 2010 after which the Court would enter a revised scheduling order.

Rule 26 initial disclosures provide very basic information required in every case.  A party must describe the names and addresses of witnesses who will be used in the prosecution of claims and defenses; the party must identify the documents that will be relied on or used at trial; the plaintiff must disclose damages claimed and how the damage total was arrived at, or if the total is not known, the plaintiff must disclosure the categories of damages sought; and finally, the defendant must disclose if there is a policy of insurance to cover the claims asserted.  These initial disclosures will help each party to evaluate the case and/or prepare for trial.

Defendants Hammer, Drebing and Munos now ask that they be excused from the requirement that they serve initial disclosures, citing FED. R. CIV. P. 26(a)(1)(B)(iv).  That Rule provides that "[t]he following proceedings are exempt from initial disclosure: . . . an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Plaintiff Andrew Miller ("Miller") is currently incarcerated and is proceeding without an attorney; thus, this case falls within the letter of the Rule.

This provision was added to the Rule in 2000.  The Advisory Committee notes for the 2000 Amendments states:

> Specified categories of proceedings are excluded from initial disclosure under subdivision (a)(1)(E) [now subdivision (a)(1)(B)] . . . .  But even in a case excluded by subdivision (1)(1)(E) or in which the parties stipulate to bypass disclosure, the court can order exchange of similar information in managing the action under Rule 16.

Thus, the Court may, by specific order made in a particular case, override the exclusion provision of Rule 26(a)(1)(B)(iv).  In denying a similar request in a case brought by an inmate proceeding *pro se*, another District Court held:

> The Court finds that requiring the parties to comply with the initial disclosure provisions of Rule 26(a)(1) will benefit the parties and the Court by allowing the early identification of factual, legal, and evidentiary issues, and providing a forum and impetus for frank discussion between the parties as to the relative strengths and weaknesses of their cases. Given that Plaintiff's complaint has been screened for frivolous or unsupported claims, the Court finds that requiring Defendants to provide initial disclosures is not unreasonable and will not be unduly burdensome. The Court will

2

deny Defendants' motion to the extent they object to the initial disclosure requirement.

Lamon v. Adams, No. 1:07-CV-00829-DGC, 2009 WL 2780488, at * 1 (E.D. Cal. Aug. 31, 2009). *See also*, Boles v. Lewis, No. 1:07-cv-277, 2009 WL 2021743, at *2 (W.D.Mich. July 7, 2009) (approving the Magistrate Judge's ruling requiring initial disclosures in a pro se prisoner civil rights action and noting, "the exceptions under subsection (a)(1)(B) do not apply when a court order has been entered").

Hammer, Drebing and Munos state that they plan to file dispositive motions and will ask for a stay of proceedings, but that the motions will not be ready for filing prior to the deadline for making initial disclosures. They are, essentially, asking for a stay at this point, before any motions have been filed. The Court recognizes that the Rule exempts a *pro se* prisoner from the operation of the initial disclosure requirements of Rule 26. However, cases that are so exempt have a tendency to languish. Certain case management procedures contemplated by the federal rules are intended to work hand-in-glove with the Civil Justice Reform Act and assist in bringing cases to a prompt conclusion. The Court is not inclined to grant such a stay. As noted in the Order Lifting Stay, there is a high potential for this case becoming bogged down, and the Court's earlier Order was entered to keep the litigation moving.[1]

The Rules of Civil Procedure are to be construed and administered toward securing the just, speedy, and inexpensive determination of every action and proceeding. FED. R. CIV. P. Rule 1. Early identification of factual, legal and evidentiary issues is desirable here and, as the District Court noted in Lamon v. Adams, may provide the impetus for "frank discussion between the parties as to the relative strengths and weaknesses of their cases."

The Court finds no reason to overturn its earlier Order, nor to exempt the parties from making initial disclosures in this case.

---

[1]The Court will exempt the parties from a mandatory settlement conference as Plaintiff is in custody.

## Order

IT IS THEREFORE ORDERED that Defendants Hammer, Drebing and Munos's Motion for Excusal From Rule 26 Initial Disclosures [Doc. 71] is denied; initial disclosures should now be made within 14 days of the date of this Order.

Lorenzo F. Garcia
United States Magistrate Judge