IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,

    Plaintiff/Counter-Defendant,

v.                                No. CIV 10-171 WJ/LFG

TOWN AND COUNTRY TOW YARD,
ACME TOW YARD, CITY OF ALBUQUERQUE,
SGT. KEVIN ROWE, DET. CARLA PEREZ,
DET. MARIGRACE BARRERAS,
DET. CHADWICK J. MELVIN, OFFICE OF THE
DISTRICT ATTORNEY, DISTRICT ATTORNEY
KARI BRANDENBERG, DEPUTY DISTRICT
ATTORNEY ROBIN S. HAMMER, DEPUTY
DISTRICT ATTORNEY MARK L. DREBING,
E&A KAP, INC., d/b/a Town and County Towing,
ACME TOWING & RECOVERY, INC.
DUGGER'S SERVICES, INC., MUNOS WRECKER, INC.

    Defendants/Counter-Plaintiffs.

## PLAINTIFF IN INTERVENTION'S MOTION TO INTERVENE

COMES NOW, Roberta Beale by and through her attorneys of record, MARTINEZ, HART & THOMPSON, P.C. (F. Michael Hart) and moves this Court for an order allowing her to intervene in these proceedings pursuant to the Federal Rules of Civil Procedure. As grounds therefore Plaintiff-in-Intervention Beale states:

    1.    As provided by Rule 24 of the Federal Rules of Civil Procedure, Ms. Beale is a party who claims an interest relating to the property or transaction which is the subject of this lawsuit, and Ms. Beale is so situated that the disposition of this pending lawsuit may, as a practical matter, impair or impede her ability to protect her interest unless she is allowed to intervene.

      2.      Ms. Beale's intervention will not delay or prejudice the adjudication of the rights of the original parties.

      3.      A draft pleading setting forth her claims is attached as Exhibit "A."

      4.      Concurrence in this motion was requested - Defendants do not oppose. Plaintiff Miller opposes the relief requested.

## MEMORANDUM OF LAW

Plaintiff in Intervention Roberta Beale is a totally disabled, 72 year old woman confined to an assisted living facility. In the Spring of 2006, she was involuntarily committed to a mental health facility in Albuquerque, New Mexico when Plaintiff Andrew Miller exploited her vulnerabilities and obtained her signature on documents which purported to allow him access to her bank accounts. In a matter of weeks, Miller illegally removed or transferred over $550,000 from Ms. Beale's savings accounts. Miller was apprehended and charged with crimes arising from this conduct. He entered pleas that resulted in his incarceration. His pleas also required him to make restitution to Beale for all of the amounts he stole.

In this present proceeding, Plaintiff Miller alleges he suffered damages as a result of Defendants' action with regard to nine motor vehicles and cash that was seized and forfeited in connection with the criminal prosecution arising from his theft of Beale's money. (Joint Status Report and Provisional Discovery Plan, Document 77 at p.4). The record of Plaintiff's conduct and the documents detailing his criminal acts reveal that Miller purchased all or most of the vehicles at issue in this case with money he stole from Plaintiff in Intervention, Roberta Beale (hereinafter "Beale"). In other words, there is a direct and irrefutable paper trail that connects money stolen from Beale's accounts to the automobiles. Beale is entitled to an equitable interest

in each of the vehicles Plaintiff purchased with her money as any interest in the vehicles that may exist is properly held by Beale.

In the event Plaintiff Miller is successful on any claims against parties he believes improperly took the vehicles from him, that recovery properly and rightly belongs to Beale. Indeed, Plaintiff has subjected himself to this very outcome as a result of his plea and disposition of criminal proceedings filed against him, wherein he agreed to pay Beale restitution for the losses he caused her.

Plaintiff in Intervention Beale meets each of the requirements for intervention as a matter of right:   1) she has an interest in the property or transaction which is the subject of the action; 2) her ability to protect such interest may be impeded by any disposition of the action in her absence; and 3) her interest is not adequately represented by the existing parties to the action. *In re Oceana Intern., Inc.*, 49 F.R.D. 329 (1970).  As in the *Oceana Intern* case, Beale seeks intervention in proceedings where she has a provable equitable interest in the property Plaintiff claims was lost, and the disposition of these proceedings could vitiate her title and right to recover the value of that property.

1) Forensic accountant Richard Brody has thoroughly reviewed all of the documents related to Plaintiff's criminal enterprise resulting in the illegal withdrawals from Beale's bank accounts. Brody has determined that at least five of the nine vehicles Plaintiff claims were lost by Defendants' illegal actions are directly traced to money Plaintiff stole from Beale. Any interest Plaintiff Miller has (or had) in the vehicles is held in constructive trust for Beale, and her interest, in equity, should be protected. In such situations, Courts should impose a constructive trust "to prevent the unjust enrichment that would result if the person having the property were permitted to retain it." *In re Estate of Duran,* 2003-NMSC-008, ¶ 34, 133 N.M. 553, 66 P.3d

326. Courts have held that certain conduct, "such as fraud, constructive fraud, duress, undue influence, breach of a fiduciary duty, or similar wrongful conduct[,]" should warrant the imposition of a constructive trust. *Id.* (quoted authority omitted). "If a court imposes a constructive trust, the person holding legal title is subjected to an equitable duty to convey the property to a person to whom the court has determined that duty is owed". *Id.*

2) Beale's ability to protect her interests may be impeded unless she is allowed to participate in these proceedings.  Plaintiff Miller has already settled claims brought against tow companies in this consolidated proceeding.  He received money from those released parties.  Despite Beale's equitable interest in those settlements, and despite Miller's obligation under his sentence to make restitution to Beale for the money he stole, Miller has not delivered to Beale the money he has received in settlement.  Clearly, Beale's interests will continue to be impeded if she is not present in these matters to protect herself.

3) Beale's interest is not adequately represented by the existing parties to the action, who are Miller (the thief who stole all of her money and has since failed to protect her interests in this case), and Defendants, who maintain legal and factual arguments that no money is owed on any of the pending claims.  Beale has no advocate in the pending proceedings to protect her positions.

WHEREFORE, for the reasons set forth herein, Plaintiff in Intervention prays this Court enter an order allowing her intervention in these matters, and permit her filing her Complaint in Intervention so as to protect her interest and to promote the economic and efficient resolution of all matters between these parties.

                                                Respectfully Submitted,

                                                **MARTINEZ, HART & THOMPSON, P.C.**

                                                  /s/ F. Michael Hart
                                                F. Michael Hart
                                                Attorney for Plaintiff-in-Intervention
                                                1801 Rio Grande Blvd. NW
                                                Albuquerque, NM 87104
                                                (505) 343-1776
                                                (505) 344-7709 facsimile

I HEREBY CERTIFY that a true and correct copy of the forgoing was served to all parties entitled thereto through the United States District Court CM/ECF electronic filing program, this 28th day of January, 2011, as follows:

- Cristina A Adams - cadams@rodey.com, sbonal@rodey.com, jroberts@rodey.com
- Stephen G French- sfrench@frenchlawpc.com, conchavez@frenchlawpc.com, mmuirhead@frenchlawpc.com, vlchavez@q.com, vchavez@frenchlawpc.com, mtowne@frenchlawpc.com, czamora@frenchlawpc.com, ecomiskey@frenchlawpc.com, pforney@frenchlawpc.com
- Robyn B. Hoffman - rhoffman@frenchlawpc.com, conchavez@frenchlawpc.com, vlchavez@q.com, stephanie.chavez@state.nm.us, rose.otero-molina@state.nm.us, vchavez@frenchlawpc.com, kari.cole@state.nm.us, ecomiskey@frenchlawpc.com, czamora@frenchlawpc.com
- Kathryn Levy - klevy@cabq.gov, jrrodriguez@cabq.gov, mesanchez@cabq.gov, pmezzancello@cabq.gov
- Paul Melendres - paul@melendreslaw.com
- Benjamin I Sherman - bsherman@cabq.gov, tsmalls@cabq.gov, ECObrien@cabq.gov
- Seth Sparks - ssparks@rodey.com, jroberts@rodey.com, tltorres@rodey.com

Andrew J. Miller, 45833
Guadalupe County Correctional Facility
P.O. Box 520, South Hwy. 54, Exit 3B
Santa Rosa, NM 88435

**MARTINEZ, HART & THOMPSON, P.C.**

  /s/ F. Michael Hart
F. Michael Hart