## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,

      Plaintiff,

v.

CITY OF ALBUQUERQUE et al.,

      Defendants.

No. 10-cv-171 WJ/LFG
Consolidated with 09-cv-1124 WJ/LFG
(Miller v. Hammer et al.)

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO INTERVENE

THIS MATTER comes before the Court on the Motion to Intervene filed by Roberta

Beale (Doc. 87). Roberta Beale ("Beale") claims an interest relating to the property or

transaction which is the subject of this lawsuit, and moves for an order allowing her to intervene

in these proceedings. Plaintiff Andrew Miller ("Miller") opposes this motion. Defendants do not

oppose. Having considered the parties' briefs and the applicable law, the Court finds that the

motion is well taken and shall be granted.

Miller was arrested on July 12, 2006, and subsequently indicted and arraigned on

multiple counts of financial crimes. As part of the criminal investigation, the Albuquerque Police

Department, a defendant in this case, seized a number of vehicles that Miller allegedly owned.

The vehicles were towed by Munos Wrecker, Inc., a defendant in this case until its stipulated

dismissal, from where they were parked to the business location of Acme Towing and Recovery,

Inc., another defendant in this case until its dismissal. Miller is suing for conversion of the

vehicles and violation of his due process rights.

Beale is a disabled 72-year-old woman confined to an assisted living facility. She was

involuntarily committed to a mental health facility in Albuquerque when Miller obtained her

signature on documents which purported to allow him access to her bank accounts in the spring

of 2006. Miller removed or transferred over $550,000 from Beale's savings accounts, which

Beale alleges was spent to purchase the vehicles which are the subject of this litigation. Miller

pled guilty to a criminal complaint concerning this conduct and is currently incarcerated on those

charges. He is currently challenging his sentence on appeal.

Rule 24 of the Federal Rules of Civil Procedure states that

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an
> interest relating to the property or transaction that is the subject of the action, and
> is so situated that disposing of the action may as a practical matter impair or
> impede the movant's ability to protect its interest, unless existing parties
> adequately represent that interest.

Fed. R. Civ. P. 24(a), 24(a)(2). Thus,

> the requirements for intervention as of right a[re that]: (1) the application is
> timely; (2) the applicant claims an interest relating to the property or transaction
> which is the subject of the action; (3) the applicant's interest may as a practical
> matter be impaired or impeded; and (4) the applicant's interest is not adequately
> represented by existing parties.

*United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (internal quotation marks

omitted).

### 1. *Timeliness*

Beale argues that her application is timely because it was filed on January 28, 2011,

pursuant to the Court's scheduling order, which required that all amendments to pleadings and

addition of parties must be filed by that date. Beale also notes that "[t]his case is still in the early

stages as the discovery deadline is months away and experts have yet to be disclosed." Doc. 101

at 3. Miller argues that Beale has known about this case since it was filed and she should have

intervened sooner.

> The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances. The analysis is contextual; absolute measures of timeliness should be ignored.

*Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotation marks omitted) (citation omitted).

The Court disagrees with Miller that he suffers any prejudice because Beale's interests in this litigation will be aligned with that of the existing defendants. First, the standard for granting a motion to intervene is not whether the plaintiff-in-intervention's interests will align with the current plaintiff's interests. Second, contrary to Miller's interpretation of her motion, Beale has not stated that she will be taking the position of the defendants in this case. Beale's proposed intervenor complaint states that "Plaintiff in Intervention Roberta Beale does not, by filing pleadings, or intervening in this matter, in any way support, or seek to legitimize any of the complaints or claims that have been brought by Mr. Miller in these proceedings, but intends only to protect her interests." Ex A, Doc. 87-1 at 2. This language cannot be said to amount to an endorsement of any of the defendants' positions, but rather a disclaimer of Miller's positions. The Court finds no prejudice to Miller simply because Beale's interests in this litigation are not the same as his.

### B.      Interest in Property

Beale has submitted the affidavit of Dr. Richard Brody, Ph.D, CPA, CFE, FCPA, the Douglas Minge Brown Professor of Accounting at the Anderson School of Management at the University of New Mexico, in which he offers his opinion that "it is more likely than not that Andrew Miller used money from Roberta Beale's bank accounts to purchase the nine vehicles at issue in this case." Ex. A to Reply Brief, Brody Aff. ¶ 5 (Doc. 101-1 at 2). The Court finds this

3

testimony sufficient for the purposes of the instant motion.

> [T]he interest requirement is not a mechanical rule. It requires courts to exercise judgment based on the specific circumstances of the case. At minimum, the applicant must have an interest that could be adversely affected by the litigation. But practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention.

*Albert Inv. Co.*, 585 F.3d at 1392. In this case, Beale argues that her interest in the property is an equitable one, because her money was "likely" used to purchase the vehicles which are the subject of this lawsuit. Beale argues that a constructive trust imposed on the vehicles would be appropriate in this case "to prevent the unjust enrichment that would result if the person having the property were permitted to retain it." *In re Estate of Duran*, 66 P.3d 326 (N.M. 2003). Therefore, Beale argues she may be entitled to any recovery related to the vehicles in question. The Court agrees that Beale has made a sufficient showing on the basis of Miller's guilty plea and the expert testimony that she has an interest in the vehicles in question in this suit.

### 3.        *Impairment or Impediment of Interest*

Miller argues that Beale's interest is fully covered by the restitution ordered in the criminal case. While Miller may be under an obligation to return to Beale the money he withdrew from her accounts in 2006 because of the restitution order, it is a common sense proposition that Beale's interests will be better protected by herself than by another party under orders to return money he pled guilty to improperly converting in the first place. Beale argues that her interests in this litigation have already been impaired because

> Miller has already settled claims brought against tow companies in this consolidated proceeding. He received money from those released parties. Despite Beale's equitable interest in those settlements, and despite Miller's obligation under his sentence to make restitution to Beale for the money he stole, Miller has not delivered to Beale the money he has received in settlement.

Doc. 87 at 4. The right to receive criminal restitution is a separate interest from the equitable

4

interest in the property which Beale alleges is currently being impaired. The Court agrees that Beale's interests may continue to be impaired if she is not allowed to intervene in this lawsuit.

### 4.      Whether the Interest Is Represented by Existing Parties

Beale's purported interests in this case starkly differ from Miller's interests or those of the existing defendants. According to the complaint, Miller has an interest in recovering money for the conversion of his vehicles. The defendants maintain legal and factual arguments that no money is owed on any of the pending claims to either Beale or Miller. Beale's interest is in establishing that the vehicles at issue actually belong or should belong to her. Beale has therefore made a sufficient showing that she should be allowed to file the proposed complaint in intervention.

**THEREFORE, IT IS ORDERED** that Roberta Beale's Motion to Intervene (Doc. 87) is GRANTED. Beale has seven (7) days from the entry of this order in which to file her complaint in intervention.

_____

UNITED STATES DISTRICT JUDGE