**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANDREW MILLER,

                Plaintiff,

v.                                               CV 10-171 WJ/LFG

DUGGERS TOW YARD, et al,

                Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

This case has been referred to me for a settlement conference. *See* D.N.M.LR-Cıv. 16.2(a). Having conferred with counsel about a mutually-convenient date, time, and location,

**IT IS HEREBY ORDERED that <u>all parties and their lead counsel shall appear before me in Albuquerque, New Mexico, actual location to be determined, on Wednesday, July 11, 2012, at 9:00 a.m.</u>**

**IT IS FURTHER ORDERED** that the parties or their authorized agents with full settlement authority and their attorneys must attend any scheduled settlement conference in person. This means that each party must attend through a person who has the power to change that party's settlement posture or the method of resolution of the action during the course of the conference. Moreover, the person attending must have the authority to settle the case regardless of the demand. A person with "caps" or "limits" to his or her settlement authority does not meet this requirement. "Standing by the telephone" is insufficient. If the purpose of the conference is thwarted by this requirement not being met, sanctions, to include attorney fees and costs, may be imposed. *See* FED. R. CIV. P. 16 (f).

**IT IS FURTHER ORDERED** that sanctions pursuant to FED. R. CIV. P. 16 will be considered for parties not negotiating in good faith.

**IT IS FURTHER ORDERED** that the attorneys shall forward to the United States Magistrate Judge a confidential, comprehensive letter or settlement brochure detailing the facts and other issues of this case, including how the party envisions resolution of the case at this conference.  The settlement letter shall contain an analysis of the strengths and weaknesses of the case as well as the settlement posture of the settlement negotiations (see paragraph directly following).  This letter may include exhibits such as witness statements, etc.  Said letter is to be delivered to the Magistrate Judge no later than **June 27, 2012**.  **Failure to submit said settlement letter may result in the imposition of sanctions.**     Settlement letters exceeding 15 pages, including exhibits, must be provided in hard copy form and cannot be transmitted via email or facsimile.

**IT IS FURTHER ORDERED** that prior to the settlement conference scheduled herein, the parties shall confer in good faith in order to attempt to reach a settlement prior to the conference.  Failure to consult may result in the imposition of sanctions.  Moreover, prior to this conference among the parties (and thus well prior to the settlement conference itself), Plaintiff shall make a written demand setting forth on what terms Plaintiff seeks to settle all of the claims joined in this action.  Plaintiff shall deliver such demand seven (7) days prior to the settlement conference. Defendant shall respond to the demand fully and in writing prior to the parties' conference.

**IT IS SO ORDERED.**

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result.  Settlement conferences can be held more efficiently if all parties and counsel are prepared.  The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A.      FORMAT

    1.      Parties with ultimate settlement authority **must** be personally present.

    2.      The Court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

    3.      Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference?  If so, or if you want to know more about these processes, please contact the Court so a conference call to discuss options can be arranged.  Have you discussed these options with your client?

B.      ISSUES

    1.      What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses of each issue.  What is your most persuasive argument?

    2.      What remedies are available resulting from this litigation or otherwise?

    3.      Is there any ancillary litigation pending/planned which affects case value?

    4.      Do you have enough information to value the case?  If not, how are you going to get more information before the conference?

    5.      Do attorneys fees or other expenses affect settlement?  Have you communicated this to the other side?

C.      AUTHORITY

    1.      Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do you need to include a representative of the lien holder?  If so, contact the Court immediately.

    2.      Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type affects settlement value, have you notified the other side?  Do you need to include the representative from more than one company/carrier?  If so, notify the Court immediately.

D.      NEGOTIATIONS

      1.      Where have your last discussions ended?  Are you sure?

      2.      Can you have any discussions before the settlement conference to make it proceed more efficiently?

      3.      What value do you want to start with?  Why?  Have you discussed this with your client?

      4.      What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times?

      5.      Is there confidential information which affects case value?  Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

      6.      What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?

E.      CLOSING

      1.      If settlement is reached, do you want it on the record?

      2.      Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

      3.      How soon could checks/closing documents be received?

      4.      If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions?  Do you want Court involvement in these talks?

      5.      If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.