IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,

    Plaintiff,

vs.                                                                       No. 10-cv-00171 WJ/LFG

**CONSOLIDATED WITH**

DUGGERS TOW YARD, et al.,                 No. 09-cv-001124 WJ/WPL

                                                                         (Miller v. Hammer, et al.)

    Defendants.

and

ROBERTA BEALE,

    Plaintiff-in-Intervention,

vs.

ANDREW J. MILLER,

    Defendant-in-Intervention.

**DEFENDANTS' MOTION FOR SANCTIONS**

       COME NOW Defendants the Office of the District Attorney for the Second Judicial District for the Second Judicial District, Robin S. Hammer and Mark L. Drebing (hereafter "District Attorney Defendants") and hereby submit Defendants' Motion for Sanctions for the reasons discussed below.

       On May 17, 2012, the Court issued an Order requiring that the parties participate in a confidential mediation. On July 11, 2012, Plaintiff Miller and the District Attorney Defendants participated in a mediation with the Honorable Carmen Garza, whereby the parties were unable to settle the case. During the mediation, Judge Garza explained to the parties that anything

discussed at the mediation was confidential and could not be used later if the parties were unable to resolve the case.

On October 15, 2012, however, Plaintiff Miller sent the Court a letter stating that he was unable to reach an agreement during the mediation with the District Attorney Defendants and in his opinion, the District Attorney Defendants did not participate in the mediation in good faith. *See* Exhibit A, October 15, 2012 Letter to the Honorable Wayne P. Johnson from Mr. Miller. While the letter stated that Plaintiff Miller believed the District Attorney Defendants' demeanor throughout the negotiation process indicated that they were never serious about trying to reach an agreement, he failed to provide additional specifics. Nevertheless, disclosing such comments and opinions to the Court is prejudicial to the District Attorney Defendants and inappropriate.

The Tenth Circuit Court of Appeals has held that disclosing prejudicial details about a mediation when there is a court order that the mediation be confidential, can result in sanctions and dismissal of the case. *See Hand v. Walnut Valley Sailing Club*, 475 Fed. Appx. 277, 288 (10th Cir. 2012) In *Hand,* soon after the plaintiff had written a letter to the Governor complaining that a storage shed owned by his sailing club did not comply with the American with Disabilities Act, his membership to a private club was revoked. *Id.* The plaintiff then brought a lawsuit against the private club. *Id.* The parties participated in a court ordered and confidential mediation, but the case did not settle. *Id.* Shortly thereafter, the plaintiff sent an email to at least forty-four (44) club members (and others) disparaging the club's position and relating details of the mediation. *Id.* The Court held that several of these individuals were potential witnesses in the case and that the plaintiff's conduct "demonstrated complete disrespect for the confidential mediation process." *Id.* The Court further found that implying that the club had acted

unreasonably during the mediation fostered animosity and prejudiced any future efforts to resolve the case. *Id.* at 279.

In the present case, like in *Hand*, Plaintiff Miller disclosed confidential details regarding the mediation process, which were prejudicial to the District Attorney Defendants. While the plaintiff in *Hand* disclosed the details of the confidential mediation to potential witnesses, Plaintiff Miller disclosed this information to the Court and the decision maker in the case, which arguably is even more problematic. As such, Plaintiff Miller has violated the Court Order requiring that the parties participate in a confidential mediation and shown a complete disrespect for the confidential mediation process.

Based upon the forgoing, the District Attorney Defendants hereby request that the Court issue sanctions against Plaintiff Miller for disclosing prejudicial and confidential information regarding the mediation process. The District Attorney Defendants respectfully request that the Court dismiss the case in its entirety, or in the alternative, issue monetary sanctions in an amount deemed appropriate by the Court.

Respectfully submitted,
**FRENCH & ASSOCIATES, P.C.**
*Electronically filed by*
By:   *Robert W. Becker, Esq.*
Robert W. Becker
Joel M. Young
Erika E. Anderson
*Attorneys for Defendants - Hammer and Drebing*
500 Marquette Avenue NW, Suite 500
Albuquerque, NM  87102
(505) 843-7075 / (505) 243-3482 fax
rbecker@frenchlawpc.com
jyoung@frenchlawpc.com
eanderson@frenchlawpc.com

**I HEREBY CERTIFY** that on the 18th day of October, 2012, I filed the foregoing electronically through the CM/ECF system and mailed a copy of same via U.S. Mail to:

Andrew J. Miller
*Plaintiff Pro Se*
Inmate #45833
WNMCF
P.O. Drawer 250
Grants, New Mexico 87020

**I HEREBY CERTIFY** that on the 18th day of October, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

F. Michael Hart, Esq.
*Attorney for Intervenor*
1801 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 343-1776 / (505) 344-7709 fax
mikeh@osolawfirm.com

 */s/  Robert W. Becker*
Robert W. Becker