IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW J. MILLER,

       Plaintiff,
vs.                                                    CIVIL NO. 10-171 WJ/LFG
                                                                     Consol. with CIV 09-1124 WJ/LFG

Sgt. KEVIN ROWE, Detective CARLA
PEREZ, Detective CHADWICK J.
MELVIN, Deputy District Attorney
ROBIN S. HAMMER; and Deputy
District Attorney MARK L. DREBING,

       Defendants.

and

ROBERTA BEALE,

       Intervenor Plaintiff,
vs.

ANDREW J. MILLER,

       Defendant-in-Intervention.

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

THIS MATTER is before the Court on Defendants Office of the District Attorney for the Second Judicial District, Robin S. Hammer and Mark L. Drebing's Motion for Sanctions [Doc. 191]. *Pro se* Plaintiff Andrew J. Miller ("Miller") filed his response [Doc. 194], and a reply was filed on November 20, 2012 [Doc. 195].

Defendants' motion is based on the assertion that Miller improperly disclosed details regarding a settlement conference. The disclosure occurred in an *ex parte* communication by letter to the trial judge. The disclosure did not include terms of settlement, but, rather, a castigation of opposing counsel's demeanor and alleged lack of good faith. Miller does not dispute that he sent

a letter to the judge, but contends that the information conveyed was not privileged. The Court disagrees.

The purpose of confidentiality during a Fed. R. Civ. P. 16 settlement conference is to promote open and candid discussions. A party may be reluctant to give the settlement facilitator an accurate evaluation of the strengths and weaknesses of the case if that party was concerned that information related to settlement proceedings, including a party's conduct, would be conveyed outside the conference, and especially to the trial judge. *See* D.N.M.LR-Civ. 16.2(e).

Miller's *ex parte* letter castigating an opposing party and accusing the opposing party of proceeding in bad faith is exactly the kind of information that is prohibited from being disclosed to the trial judge. The only reason for sending such a communication is to cast one's opponent in a bad light, and that is improper.

Miller is cautioned that he may not communicate with the Court by way of *ex parte* letter, and if any communication with the Court is to occur, it should be by way of formal motion, thereby allowing opposing parties an opportunity to appropriately respond.

The Court reprimands Miller for his *ex parte* communication and for disclosing conduct of an opposing party during a settlement conference. The Court determines that any further sanction is inappropriate. However, if future misconduct occurs during the processing of this case, the Court may impose more severe sanctions. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo P. Garcia
United States Magistrate Judge