IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANDREW J. MILLER**,

        Plaintiff,

vs.                                  **No. CIV-10-171WPJ/LFG**

**DUGGERS TOW YARD, et al.**,

        Defendants,

consolidated with

**ANDREW J. MILLER**,

        Plaintiff,

vs.                                  **No. CIV-09-1124 WPJ/LFG**

**OFFICE OF THE DISTRICT ATTORNEY FOR
THE SECOND JUDICIAL DISTRICT, et al.**,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING RECONSIDERATION**

**THIS MATTER** comes before the Court on pro-se Plaintiff Andrew Miller's *Objections and Motion to Reconsider Points of the Court's Memorandum Opinion and Order [Doc. #201]*, filed May 30, 2013 (Doc. 202). The Tenth Circuit Court of Appeals has abated Defendant Robin Hammer's interlocutory appeal of the Court's ruling granting summary judgment in favor of Miller and against Hammer on his § 1983 claim for violation of his constitutional right to due process pending resolution of Miller's motion. *See* Docs. 211, 214. The Court denies Miller's request for reconsideration.

**I.  Standard of review on a motion to reconsider an interlocutory order.**

Contrary to Defendant Drebing's and Defendant Hammer's contentions, *see* Doc. 207 at 1-2, it has long been held that the standards set forth in Rules 59 and Rule 60, which apply to motions to set aside or amend final judgments, do not apply to a request to reconsider an interlocutory order.  Because no final judgment has been entered in this case, Miller's motion for reconsideration is "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."  *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991); *see Fye v. Okla. Corp. Com'n*, 516 F.3d 1217, 1223 & n.2 (10th Cir.  2008) (noting that, where a district court only partially grants summary judgment, "the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)"); *Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (holding that "the district court was incorrect to treat Raytheon's motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments").  Accordingly, the Court rejects all of the Defendants' arguments that are based on the application of Rule 59 and Rule 60.

**II.  The Court will not reconsider its ruling that Miller failed to present sufficient evidence to show that Defendant Drebing violated Miller's constitutional rights.**

Miller argues that, because of the Court's prior statements in earlier opinions, and because it is undisputed that Drebing signed the search warrant and that a prosecutor has a statutory duty to either file a forfeiture proceeding or return seized property to its owner, Drebing either was not entitled to summary judgment or "[s]ummary [j]udgment should not have been granted in Drebing's favor as a matter of law because the record in this case clearly shows that

there are genuine issues of material facts regarding Drebing's violation of plaintiff's right to procedural due process[.]" Doc. 202 at 2-4.  Miller made these same arguments in his original filings, and the Court is satisfied that it properly resolved the matter by granting summary judgment in favor of Drebing.  *See* May 7, 2013 Memorandum Opinion and Order at 8-10.

### III.  Miller points to no viable claims for prosecutorial misconduct.

In the May 7, 2013 Memorandum Opinion and Order, the Court stated:

> It appears that this claim against Hammer for damages [for violation of Miller's due-process rights] is the only claim that will need to be set for trial, all other claims against all other Defendants having been either voluntarily dismissed or dismissed by order and/or prior settlement.

May 7, 2013 Memorandum Opinion and Order at 15.  As Miller points out, however, the Court reconsidered a prior order holding that Miller's prosecutorial-misconduct claims were barred by *Heck v. Humphrey*, and permitted Miller to file an amended complaint.  *See* August 11, 2010 Memorandum Opinion and Order at 7-8, 13-14.  Subsequently, however, the Court held that Drebing and Hammer were entitled to absolute prosecutorial immunity regarding Miller's claims for prosecutorial misconduct for Hammer's acts of freezing bank accounts and "for allegedly 'extort[ing Miller] with a plea he could not refuse,'" but the Court held that they were not absolutely "immune from liability for their roles in acquiescing to the sales of Miller's vehicles or in continuing to refuse to release Miller's bank account #8511."  February 27, 2012 Memorandum Opinion and Order at 34.  The Court further held, however, that it was required to abstain from hearing Miller's claims regarding Hammer's refusal to release the bank account because the state court in his criminal proceedings ordered that the account be frozen and this Court could not interfere with that ruling; so the Court dismissed that claim without prejudice.  *See id.* at 36-37.

Miller now contends that the Court has **not** dismissed all of his prosecutorial-misconduct claims, but he does not indicate which, if any, prosecutorial-misconduct claims may still remain. *See* Doc. 202 at 2. Although, in his reply brief, he argues that his prosecutorial-misconduct claims have nothing to do with his procedural-due-process claim, *see* Doc. 208 at 3, he still does not state the basis of those claims. The Court has reviewed the Amended Complaint and can find no allegations related to prosecutorial misconduct that are not associated either with the procedural-due-process violations, the prosecutorial actions in obtaining a plea or otherwise prosecuting the criminal case for which the Defendants are absolutely immune, or Hammer's refusal to release funds in the bank account, which claim has been dismissed without prejudice. The Court, therefore, will not reconsider its ruling that no other issues need to be set for trial.

**IT IS ORDERED** that Miller's motion for reconsideration [Doc. 202] is DENIED.

 

 

_____

UNITED STATES DISTRICT JUDGE